solved the employer from penalty payments. *Id.* at 98.

 *Gilmore* is distinguishable from the case at bar. There, the Internal Revenue Service (IRS) audited the employer on a number of occasions. During those audits, IRS agents learned that the employer had not withheld any employment taxes for his solicitors. Yet, the IRS never made any assessments against the employer for withholding taxes. In these circumstances, the court held that the employer reasonably believed that the solicitors were independent contractors because the IRS failed to inform him that he owed any employment taxes. *Id.* at 98–99. In the case at bar, however, Brown did not rely on the actions or statements of any authorized government authority to provide any support for his belief that the drivers were independent contractors. We therefore conclude that he is not absolved from the payment of the penalty.

### III. BURDEN OF PROOF

The briefs devote extensive space to the question of who has the burden of proof on the independent contractor-employee issue. There is no need for us to address this question. The outcome of this case does not turn on who has the burden of proof because the stipulated facts, in our view, strongly indicate that the drivers were J & B's employees.

### CONCLUSION

Given the stipulated facts, we find that the drivers were employees of J & B Produce Company. Therefore, California properly assessed unemployment taxes, disability taxes, and personal income withholding taxes against Brown. Moreover, we hold that Brown's asserted good faith belief that the drivers were independent contractors does not excuse him from any penalty because of his failure to pay the taxes in question on time.

Therefore, we REVERSE the district court's holding, which affirmed the bankruptcy court's grant of a preliminary injunction, and find Brown liable for the assessed taxes, with interest and penalties.

**Ernest N. DELANEY and Marjorie M. Delaney, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83–7627.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 2, 1984.

Decided Sept. 21, 1984.

Ernest Delaney, in pro per.

John P. Griffin, Atty., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before KENNEDY, SKOPIL, and NEL-SON, Circuit Judges.

KENNEDY, Circuit Judge:

The Tax Court affirmed the IRS's determination that $43,000 in Swiss gold coins and $305 in unexplained bank deposits constituted unreported income. The Delaneys now appeal, challenging the assessment of a deficiency and a negligence penalty pursuant to 26 U.S.C. § 6653(a). We affirm.

■ The Commissioner's deficiency determination is entitled to a presumption of correctness "once some substantive evidence is introduced demonstrating that the taxpayer received unreported income." *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam), *quoted in United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984). To rebut the presumption, the taxpayer must establish by a preponderance of the evidence that the determination is arbitrary or erroneous. *Keogh v. Commissioner*, 713 F.2d 496, 501 (9th Cir.1983); *United States v. Stonehill*, 702 F.2d at 1294.

■ The presumption of correctness arose as to the gold coins. The Delaneys concede as true the IRS's evidence that the Delaneys brought into the country over $40,000 in gold coins over a two-year period. In the course of an IRS audit of their

tax returns, the Delaneys gave what the IRS deemed incomplete or unsatisfactory answers to inquiries concerning the acquisition of the gold. The presumption of correctness applies in these circumstances. *Calhoun v. United States,* 591 F.2d 1243, 1245 (9th Cir.1978), *cert. denied,* 439 U.S. 1118, 99 S.Ct. 1025, 59 L.Ed.2d 77 (1979); *Ruark v. Commissioner,* 449 F.2d 311, 312 (9th Cir.1971) (per curiam).

The Government correctly distinguishes *Weimerskirch v. Commissioner,* 596 F.2d 358 (9th Cir.1979), as a case in which the Commissioner failed to connect the taxpayer to alleged assets that were the basis of the deficiency. By contrast, the Delaneys are the admitted owners of the asset that is the basis of the deficiency. *Weimerskirch* is thus inapplicable.

■ The Delaneys' case consisted solely of Dr. Delaney's testimony that the coins were purchased with taxed or tax-free income. Dr. Delaney produced no receipts for the purchase of the Swiss coins. He could not recall the name of the company that sold him the coins, even though the company had stored the coins for two years between the time the Delaneys purchased them and the time they received them. He also could not remember where he had obtained the cashier's checks he allegedly used to purchase the coins or the accounts from which he had withdrawn the money.

The primary question for the Tax Court was Dr. Delaney's credibility, and the evidence supports the court's determination to reject his vague and implausible testimony. *Ruark,* 449 F.2d at 312; *see Dudley v. United States,* 428 F.2d 1196, 1202 (9th Cir.1970). There was no other evidence in the record, and the Delaneys therefore did not rebut the presumption of correctness.

■ The IRS assessed a 5 percent negligence penalty for failure to report the gold coins as income. 26 U.S.C. § 6653(a). The IRS's assessment of a negligence penalty is presumed correct. *Hall v. Commissioner,* 729 F.2d 632, 635 (9th Cir.1984). The taxpayer has the burden of showing that the assessment is incorrect. *Id.*

■ The Delaneys again failed to sustain their burden of proof. They did not present any evidence to establish that their failure to report the income represented by the coins, or even to produce records concerning them, was due to anything other than negligence or disregard of the tax laws. The Tax Court did not err by upholding the assessment of a negligence penalty with respect to the coins.

■ The IRS also included $305 in bank deposits in its judgment of deficiency. The Delaneys claim that this item was settled prior to trial. It is clear from the record that the $305 bank deposit was in issue. The bank deposit appeared in a pretrial stipulation of issues, and although some of those issues were conceded by the IRS prior to trial, the $305 bank deposit was not among the issues conceded. The Delaneys introduced no evidence concerning the bank deposit or the negligence penalty based upon failure to report the bank deposit, and we must therefore affirm the Tax Court.

AFFIRMED.