770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PEGGY A. KELLER, PETITIONER-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT-APPELLEE.
 NO. 84-1694
 United States Court of Appeals, Sixth Circuit.
 7/12/85
 
 U.S.T.C.
 AFFIRMED
 ORDER
 BEFORE: LIVELY, Chief Judge; CONTIE, Circuit Judge; and PECK, Senior Circuit Judge.
 
 
 1
 Petitioner has appealed the Tax Court's judgment upholding the Commissioner's tax deficiency assessment and penalty. The appeal has been referred to a panel of this Court under Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner was employed as a beautician during the tax years 1978 and 1979. The Commissioner assessed deficiencies for those tax years based upon its determination that petitioner had underreported her income from tips. The Commissioner also assessed a 5% penalty under 26 U.S.C. Sec. 6653(a) for negligence or intentional disregard of the tax rules. Petitioner filed a pro se petition in the Tax Court for a redetermination of the deficiencies. The Tax Court found that petitioner had not kept any records of her tip income as required by 26 U.S.C. Sec. 6001, and that petitioner had not rebutted the presumption of correctness which is accorded to the IRS's deficiency determinations. he court further found that petitioner had been negligent in failing to maintain records of her tip income. On these grounds, the court upheld the deficiency determination and the penalty. Petitioner appealed to this Court. On appeal, petitioner argues that the IRS 'manufactured' the figures supporting its deficiency determinations and did not support its determinations with sufficient evidence.
 
 
 3
 Taxpayers are required to maintain records of their income. 26 U.S.C. Sec. 6001. When a taxpayer fails to maintain records, the Commissioner is entitled to reconstruct the taxpayer's income in any reasonable manner. 26 U.S.C. Sec. 446; Coleman v. United States, 704 F.2d 326 (6th Cir. 1983). The Commissioner's tax deficiency assessment is entitled to a presumption of correctness and the taxpayer has the burden to show otherwise. Davis v. Commissioner of Internal Revenue, 674 F.2d 553 (6th Cir. 1982); Human Engineering Institute v. Commissioner of Internal Revenue, 629 F.2d 1160 (6th Cir. 1980). The taxpayer also has the burden of showing that a negligence penalty under section 6653(a) is erroneous. Delaney v. Commissioner of Internal Revenue, 743 F.2d 670 (9th Cir. 1984); Moore v. Commissioner of Internal Revenue, 722 F.2d 193 (5th Cir. 1984). Failure to keep records of unreported income warrants a negligence penalty under section 6653(a). Mack v. Commissioner of Internal Revenue, 429 F.2d 182 (6th Cir. 1970).
 
 
 4
 The Commissioner demonstrated in the Tax Court how it computed the deficiency assessment figures. Petitioner did not meet her burden of showing that the Commissioner's method of determining the deficiency was unreasonable or arbitrary, but merely challenged the Commissioner's ability to estimate her unreported income, citing Weimerskirch v. Commissioner of Internal Revenue, 596 F.2d 358 (9th Cir. 1979). It is well-settled that the Commissioner can use any reasonable method to estimate unreported income when a taxpayer has failed to maintain records. See Coleman v. United States, supra. Weimerskirch does not support petitioner's position because in that case, the IRS failed to introduce any evidence that the taxpayer had engaged in the illegal drug sales which were the reputed source of the unreported income. In the present case, the Commissioner introduced evidence that petitioner had received tips and she admitted that she had. Petitioner also did not demonstrate that the 5% penalty was erroneous or unreasonable.
 
 
 5
 Accordingly, it is ORDERED that the tax court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).