DOUGLAS WAYNE BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 27192-84
United States Tax Court
T.C. Memo 1989-43; 1989 Tax Ct. Memo LEXIS 43; 56 T.C.M. (CCH) 1171; T.C.M. (RIA) 89043; January 30, 1989
Douglas Wayne Brown, pro se. William D. Reese, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Section
Section
Section
Section
Section
Year
Tax
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6654(a)
1980
$ 142,239.90
$  35,559.98
$ 7,062.00
N/A
N/A
$  9,103.36
1981
$ 561,403.10
$ 140,350.78
0
$ 28,070.00
*
$ 42,997.21
*44 The issues for decision are (1) whether petitioner received unreported income in 1980 and 1981; (2) whether petitioner is subject to an addition to tax under section 6651(a)(1); (3) whether petitioner is subject to an addition to tax under section 6653; and, (4) whether petitioner is subject to an addition to tax under section 6654(a). FINDINGS OF FACT Petitioner Douglas Wayne Brown did not file returns for the years at issue and was an inmate at a Federal penitentary in Lompac, California, at the time a petition in this case was filed. On February 28, 1980, and May 2, 1980, petitioner and several accomplices, including Douglas Bruce Fenimore (Fenimore), participated in the robbery of a jewelry store in Walnut Creek, California, and one in Phoenix, Arizona, respectively. The combined value of the jewelry stolen in these two robberies exceeded $ 1,500,000. From these jewelry robberies, petitioner obtained sole physical possession of a portion of the stolen property having a value of at least $ 296,000. During 1981, petitioner was a participant, along with Fenimore, in an armed robbery of a bank in Denver, Colorado, *45 and a bank in Tucson, Arizona. The amount of money stolen in each of the armed robberies was approximately $ 3,318,000 and $ 110,000, respectively. Petitioner and Fenimore again participated in the division of the proceeds from these armed robberies. From these armed bank robberies, petitioner obtained sole physical possession of a portion of the stolen property having a value of at least $ 1,133,333. On September 9, 1981, petitioner and a co-participant in all four robberies were arrested in Denver, Colorado. At the time of their arrest, petitioner and the co-participant were in possession of about $ 187,000 in cash. After his arrest, petitioner was indicted and subsequently plead guilty and was convicted of interstate transportation of stolen property (jewelry) in connection with his participation in the Walnut Creek and Phoenix robberies. In addition, petitioner was tried in the United States Court for the District of Arizona for the armed robbery of the bank in Tucson, Arizona. Petitioner was acquitted of the charges by a jury verdict. Petitioner was never indicted for his involvement in the Phoenix armed robbery. Respondent issued a notice of deficiency dated May 1, 1984, to *46 petitioner for taxable years 1980 and 1981 based on petitioner's receipt of proceeds from the two jewelry store robberies in 1980 and of petitioner's receipt of proceeds from the two armed bank robberies in 1981. OPINION The issue in this case is whether petitioner received unreported income in 1980 in the form of proceeds from two jewelry store robberies, and in 1981, in the form of proceeds from two armed bank robberies. Respondent determined that petitioner had total unreported income of $ 296,000 in 1980 and $ 1,133,333 in 1981. The trial in this case was held August 31, 1988. Petitioner appeared but refused to testify in this case and did not present any witnesses, documents, or other evidence in support of his case. The parties were given 60 days in which to file a brief in this case. Subsequently, petitioner requested, and was granted, an additional 45 days in which to file a brief. Despite this extension, petitioner has not filed a brief. Ordinarily, a notice of deficiency is entitled to a presumption of correctness and the burden of proof to rebut that presumption rests with petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court *47 Rules of Practice and Procedure. This presumption is procedural in that it transfers to the taxpayer the burden of going forward with the evidence to establish that respondent's determination is incorrect. Jackson v. Commissioner,73 T.C. 394, 400 (1979). Further, we normally do not look behind a notice of deficiency to examine the evidence used in making the deficiency determination. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). This Court has recognized a possible exception to this rule, however, and has looked behind the notice of deficiency in cases involving unreported illegal income where respondent has introduced no substantive evidence and the taxpayer challenges the notice of deficiency on the grounds that it was arbitrary. Dellacroce v. Commissioner,83 T.C. 269 (1984); Jackson v. Commissioner, supra at 401. If the taxpayer makes a showing that respondent's determination is arbitrary, respondent cannot rest on the presumption of correctness of the notice of deficiency. In such instance, the Court can shift the burden of going forward with the evidence to respondent to establish the *48 existence and amount of any deficiency. Jackson v. Commissioner, supra at 401. The Ninth Circuit, the Circuit to which an appeal lies in this case and to which we feel constrained to follow, see Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), in a case involving the receipt of unreported illegal income, has held that a "deficiency determination which is not supported by the proper foundation of substantive evidence is clearly arbitrary and erroneous." Weimerskirch v. Commissioner,596 F.2d 358, 362 (9th Cir. 1979). Further, the Ninth Circuit stated that respondent cannot rely on the presumption of correctness of a deficiency notice in such a case "in the absence of a minimal evidentiary foundation" by respondent showing that the taxpayer received unreported income from a charged activity. This is true even where the taxpayer has not made a showing that the notice was arbitrary. Weimerskirch v. Commissioner, supra, at 361. See also Bradford v. Commissioner,796 F.2d 303, 305 (9th Cir. 1986); Delaney v. Commissioner,743 F.2d 670, 671 (9th Cir. 1984); *49 Zolla v. Commissioner,724 F.2d 808 (9th Cir. 1979). The Ninth Circuit requires that respondent must come forward with substantive evidence establishing a "minimal evidentiary foundation," in all cases involving the receipt of unreported income to preserve the statutory notice's presumption of correctness. Weimerskirch v. Commissioner, supra at 362. Once respondent presents admissible evidence that the taxpayer received unreported income from an illegal activity, the burden of going forward rests with petitioner. In this case, there was no showing that the deficiency notice was arbitrary. Petitioner did not testify or present any evidence, but merely cross-examined respondent's witness in an attempt to impeach his credibility. Respondent's witness, Fenimore, who was a co-participant in all four of the robberies and in the subsequent division of the robbery proceeds, testified that petitioner received an equal share along with the other participants in dividing up the total proceeds of the robberies. Petitioner's cross-examination failed to discredit the direct testimony of Fenimore. Petitioner had every opportunity to testify and present evidence *50 on his behalf but instead chose to remain silent. We hold that respondent has satisfied the requisite evidentiary showing of Weimerskirch v. Commissioner, supra. Respondent has established that petitioner had unreported income from the robberies that are the subject of respondent's notice of deficiency. Petitioner has presented no evidence in this case to counter the evidence presented by respondent and has elected not to file a brief. Therefore, respondent's notice of deficiency issued in this case is entitled to a presumption of correctness. Accordingly, we find evidence to support respondent's determination with respect to the deficiencies in and additions to tax. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
*. 50% of the interest due on the underpayment.↩