974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas E. BILLINGS; Karen S. Billings, Petitioner-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1234.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1992.
 
 Before NELSON, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 These pro se taxpayers, a husband and wife, appeal the Tax Court's decision determining a deficiency in their federal income tax liability for tax year 1984, plus additions to the tax based on underpayment, interest and a negligence penalty. They include in their brief on appeal requests for the appointment of counsel and for a transcript at government expense. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a bench trial, the Tax Court entered a decision in favor of the respondent, the Commissioner of the Internal Revenue Service. This appeal followed.
 
 
 3
 Taxpayers received a statutory notice of deficiency for 1984 and filed a timely petition for redetermination in the Tax Court. They challenged the decision of the Internal Revenue Service to disallow dependency exemptions for the husband's children in the custody of his former wife; they disagreed with the inclusion of income from rental property and capital gains from the sale of real property; and they contested the imposition of a negligence penalty for the failure to include the wife's wages in reported income. Finally, they complained that the Tax Court judge and the agent who conducted their audit were biased against them.
 
 
 4
 Upon review, we conclude that the Tax Court's findings as to the correctness of the Commissioner's assessment of an income tax deficiency and the imposition of a negligence penalty are not clearly erroneous. See Hagaman v. Commissioner, 958 F.2d 684, 689 (6th Cir.1992); Genco v. Commissioner, 372 F.2d 129, 129 (6th Cir.1966). The Commissioner's assessment of a deficiency is presumptively correct; the taxpayer bears the burden of proving it is erroneous. See Hagaman, 958 F.2d at 690. The assessment of a penalty is also entitled to a presumption of correctness, and the taxpayer has the burden of proving otherwise. See Delaney v. Commissioner, 743 F.2d 670, 672 (9th Cir.1984). Taxpayers failed to demonstrate any error warranting reversal; the allegations of bias are not supported by the record.
 
 
 5
 Accordingly, the requests for counsel and for a transcript at government expense are denied, and the decision of the Tax Court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.