72 F.3d 135
 76 A.F.T.R.2d 95-8066, 96-1 USTC P 50,048
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David S. JENSEN; Rosalie J. Jensen, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70203.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1995.*
Decided Dec. 8, 1995.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,** District Court Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 David and Rosalie Jensen appeal pro se the Tax Court's decision upholding in part the Commissioner of Internal Revenue's determination that there was a deficiency in income tax due for the tax year 1984. The Jensens also appeal the Tax Court's denial of their request for costs and attorneys' fees. We affirm the Tax Court.
 
 
 4
 The Jensens first contend that the Tax Court erred by holding that the Commissioner could determine the Jensens' tax deficiencies without a valid tax return. They argued their Form 1040 was invalid because they failed to sign it. The Jensens argue that the Commissioner is required to create a substitute return before a notice of deficiency can be sent. This court, however, has rejected the same argument in Roat v. Commissioner, 847 F.2d 1379, 1381-82 (9th Cir.1988). The Jensens' position on this issue is thus foreclosed by our own circuit's authority. See id.
 
 
 5
 The Jensens next contend that the Commissioner and the Tax Court erred by treating them as having elected to file a joint return. They also argue that each should be liable only for his or her own income. In their petition for redetermination and their amended petition for redetermination, however, the Jensens did not contest the Commissioner's determination that the Jensens had filed a joint return. During the hearing before the Tax Court, the Jensens each testified that they intended the unsigned Form 1040 and schedules to be treated as their tax return for 1984. The unsigned Form 1040 is clearly marked as a "Married filing joint return." Therefore, the Tax Court did not err by holding that the Jensens elected to file a joint return and the Tax Court properly rejected the Jensens' request for determination of separate tax liabilities.
 
 
 6
 The Jensens further contend that the Tax Court erred by holding that they failed to meet their burden of proving that the Commissioner overstated their income for 1984. The Jensens argued that the Commissioner did not prove that the Jensens received the money in question and, for that reason, the Jensens did not bear the burden of proving they did not receive the money. "The Commissioner's deficiency determination is entitled to a presumption of correctness 'once some substantive evidence is introduced demonstrating that the taxpayer received unreported income.' " Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir.1984) (citation omitted). In this case, the Commissioner based the determination on the information contained in the Jensens' unsigned Form 1040, the Schedule C for Mr. Jensen's business, and a worksheet completed by the Jensens' accountant, Mr. Jones. On the 1984 Schedule C for Mr. Jensen's business, the Jensens reported gross receipts in the amount of $461,256. Mr. Jones completed the Jensens' Schedule C with information provided by Mr. Jensen and from various records and Forms 1099. This is "substantive evidence" connecting the Jensens to the income in question. The deficiency determination is therefore entitled to a presumption of correctness. See Delaney, 743 F.2d at 671; see also Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987); Weimerskirch v. Commissioner, 596 F.2d 358, 359-60 (9th Cir.1979).
 
 
 7
 At trial, the Jensens failed to meet their burden of rebutting the presumption. Mr. Jensen testified with various explanations as to how the amounts in question got on the accountant's worksheet. The Tax Court found Mr. Jensen's explanations not credible. We cannot set its decision aside because credibility determinations are for the Tax Court rather than this court. See McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir.1989).
 
 
 8
 The Jensens next contend that the Commissioner erred by not allowing deductions from partnerships and various claimed business expenses. At trial, Mr. Jensen presented no documentation to support his contention that the $12,600 payment to Robert Fife in 1984 was made as a legal settlement. Instead, Mr. Jensen gave vague testimony about a dispute over commissions from the sale of tax shelters in which Mr. Fife was involved. The Tax Court found Mr. Jensen's testimony was not sufficiently credible to carry the burden of proof of showing the deductibility of the payment. The Jensens also claimed a $40,000 payment as a research and development expense. Although they produced a canceled check in that amount, they failed to produce credible evidence that they were entitled to the deduction. Again, because the Tax Court's determination is based upon a credibility decision, this court cannot say that the Tax Court erred. See id. Moreover, the record contains no basis for overturning the disallowance of other deductions that the Jensens now challenge.
 
 
 9
 Finally, the Jensens contend that the Tax Court should have allowed them attorneys' fees and costs when it determined that they were entitled to a theft loss deduction in the amount of $422,581 for the amount lost in an investment which turned out to be a Ponzi scheme. In order to prevail on costs and fees, the Jensens must show that the Commissioner's position was not substantially justified. See I.R.C. Sec. 7430. We agree with the Tax Court that the Commissioner's position denying the deduction was substantially justified. The deduction was not identified as a theft loss deduction on the Jensens' return. In the Tax Court, the Commissioner relied upon an affidavit signed by Mr. Jensen on January 17, 1991, indicating that the payments were made as a loan, not as an investment. Although Mr. Jensen disavowed the statement at trial, the statement provided a reasonable basis for the Commissioner to believe that the Jensens were not entitled to a theft loss deduction for investing in the Ponzi scheme. Thus, although the Jensens ultimately prevailed, the Tax Court did not err by determining that the Commissioner was substantially justified in not allowing the theft loss deduction. See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1147-48 (9th Cir.1992).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4. Accordingly, the panel has granted the Jensens' request that this appeal be submitted on the briefs
 
 
 **
 Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have reviewed the record and conclude that the Jensens' remaining claims are wholly without merit