103 F.3d 138
 78 A.F.T.R.2d 96-7610, 97-1 USTC P 50,193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence H. HELLER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 95-70481.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Dec. 06, 1996.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence H. Heller appeals two Tax Court rulings in a judgment covering several tax years. First, Mr. Heller appeals the Tax Court determination that $23,500 he received in 1984 was income and not a loan. Second, Mr. Heller appeals the Tax Court's determination that $5,000 of payments he made to his former spouse in 1986 were child support and not alimony. We affirm that the $23,500 was income in 1984; and remand for redetermination whether the $5,000 was child support in 1986.
 
 I. $23,500
 
 3
 In 1984 Mr. Heller worked as a tax attorney in a law firm and received $23,500 either as a bonus payment or as a loan. There is no evidence that Mr. Heller ever paid the money back or otherwise discharged it as a loan. Before trial the parties stipulated that
 
 
 4
 Taxpayer received additional amounts adding up to $23,500 from his employer, Weinberg, Zipser, Arbiter and Heller, Inc., during the 1984 taxable year which amounts were originally characterized as loans by this employer, and were later reclassified as compensation or forgiven. The timing of this change in status is an issue in this case.
 
 
 5
 In his findings, the judge found that Mr. Heller had not proved that the $23,500 was a loan.
 
 
 6
 Once the IRS establishes that the taxpayer received income, the taxpayer must show that such income was not taxable. Delaney v. Comm'r, 743 F.2d 670, 671-72 (9th Cir.1984). In this case, Mr. Heller admitted receiving $23,500 in 1984, and he therefore assumed the burden of showing it was a non-taxable loan. The determination whether a payment is a loan is a factual matter. Frierdich v. Comm'r of Internal Revenue, 925 F.2d 180, 182 (7th Cir.1991). The hallmark of a loan is a consensual recognition of an obligation to repay. James v. U.S., 366 U.S. 213, 219 (1961).
 
 
 7
 In this case, the Tax Court was not clearly erroneous when it determined that the $23,500 was income. To show that the $23,500 was a loan, Mr. Heller relied on his own testimony and the above stipulation. The stipulation by itself does not necessarily establish that the payment was a loan, and the Tax Court was free to discredit Mr. Heller's self-serving testimony. The Tax Court therefore was justified in finding that Mr. Heller had not met his burden of proof to establish that the $23,500 was a loan.
 
 
 8
 Mr. Heller complains that he relied to his detriment on two aspects of the Tax Court proceedings. First, Mr. Heller believes that during trial the Tax Court found he met his burden of proof by the stipulation of the parties. He also believes that during trial the court charged the government and the government agreed to prove that the money changed from a loan to income in 1984. Mr. Heller says he has further evidence, not presented at trial, that would support his characterization of the $23,500.
 
 
 9
 Mr. Heller had ample opportunities to provide evidence to the court. Before trial, under Tax Court Rule 91 and by standing pretrial order, Mr. Heller was required to stipulate what documentary evidence he intended to use at trial. Mr. Heller was further required to exchange any documents not so stipulated, as well as a list of intended witnesses. After trial, Mr. Heller could and did file a motion to reconsider; he failed to produce any evidence to support his claim.
 
 
 10
 It is well recognized that a litigant's failure to produce relevant evidence that is available to him gives rise to the inference that the evidence would be unfavorable to that party. United States v. Tory, 52 F.3d 207, 211 (9th Cir.1995). Throughout this litigation, Mr. Heller has had every opportunity to specify relevant facts, documents, or other evidence to show the $23,500 was a loan. We note that at all times Mr. Heller, a tax attorney himself, was represented by counsel. Mr. Heller has failed to show that the $23,500 was a loan and not income. We therefore affirm the judgment of the Tax Court.
 
 II. $5,000 Child Support or Alimony
 
 11
 Mr. Heller legally separated from his wife Madeline on June 22, 1985, and they were divorced in 1986. They divided their community property and Madeline took physical custody of the children.
 
 
 12
 The divorce court set out Mr. Heller's support obligations to Madeline and the children in three consecutive orders. On February 19, 1986, the court issued a temporary order directing Mr. Heller to pay support of $3500 per month and reserving "the option to allocate [the payments] between spousal and child-support." On August 8, 1986, in an order to take effect on July 1, 1986, the court continued the previous $3500 amount, but designated $1000 per month as child support for July through December 1986. Finally, on December 17, 1987, the court directed Mr. Heller to continue to make monthly child support payments of $1000 and spousal support payments of $1700.
 
 
 13
 The Tax Court determined that $5,000 of Mr. Heller's payments under the first court order should be characterized as child support. The court erred in this determination, and we remand for reconsideration. The $5,000 may have been alimony.
 
 
 14
 Under I.R.C. § 71(c), payments to a former spouse are child support only if they are "fixed" in the separation or divorce instrument. Payments are "fixed" if they are explicitly defined in the instrument, see Commissioner v. Lester, 366 U.S. 299 (1961), or if they will be reduced upon a contingency related to the child. I.R.C. § 71(c)(2). Under I.R.C. § 71(b)(1), payments to a former spouse are alimony only if they meet four statutory tests. At issue in this case is the fourth test, I.R.C. § 71(b)(1)(D), which provides in relevant part that a payment is alimony only if "there is no liability to make such payment for any period after the death of the payee spouse."
 
 
 15
 Here, a separation agreement obligated Mr. Heller to make payments to his former spouse Madeline. These payments are not child support because that agreement did not "fix" a portion of the payments as child support. The Tax Court found by reading the first and second orders together that the first order did fix a portion of the payment as child support. However, the designation of the second order does not apply to the first. The first order set out the $3500 payment as spousal support with no part designated as child support. The second order designated $1000 per month as child support effective July 1, 1986. The designation contained in the second order was insufficient to fix $1000 per month as child support during any time before July 1, 1986. Accordingly, no payment was fixed as child support for February through June, 1986 of the first order.
 
 
 16
 On the other hand, these payments are alimony because they meet all the statutory requirements. On appeal, the government argues that the $5000 is not alimony because Mr. Heller's obligation to pay the $1,000 a month would not have terminated upon Madeline's death. The government reasons that $5000 represents the amount Mr. Heller paid to support his children. Since Mr. Heller's obligation to support his children would not terminate upon his payee spouse's death, the government concludes that the $5000 does not meet the alimony requirement that "there [be] no liability to make such payment for any period after the death of the payee spouse." I.R.C. § 71(b)(1)(D).
 
 
 17
 We disagree. By its terms, the first court order creates a legal obligation for Mr. Heller to pay $3500 a month "spousal support" to his former wife. The order did not specify that the payments would continue upon the death of Madeline. California law provides that "[e]xcept as otherwise agreed by the parties in writing, the obligation of a party under an order for the support of the other party terminates upon the death of either party or the remarriage of the other party." Cal. Family Code § 4337. California law also provides that in the event a single stated amount covers both alimony and child support in an order, the courts cannot determine, after a terminating event, what proportion of the total award is allocable to alimony and to child support. Ambrose v. Comm'r, 71 T.C.M. (CCH) 2429 (1996), citing Danz v. Danz, 216 P.2d 162, 164 (Cal.Dist.Ct.App.1950). Mr. Heller's legal obligation to pay money under the first court order would therefore terminate upon Madeline's death, and a court would have no ability to allocate retroactively between spousal and child support. Accordingly, the obligation embodied in the first court order would terminate on the death of the payee spouse and meets the test for alimony.
 
 
 18
 We therefore remand to the Tax Court for reconsideration of the character of the $5,000.
 
 
 19
 AFFIRMED IN PART AND REMANDED IN PART. NO PARTY TO RECOVER COSTS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3