T.C. Memo. 2006-74

UNITED STATES TAX COURT

TOMMY HO CHING CHENG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15027-02.              Filed April 12, 2006.

<u>David C. Holtz</u> and <u>Steven R. Mather</u>, for petitioner.

<u>Alan H. Cooper</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 1996 Federal income tax of $459,500 and an addition to tax under section 6651(f) of $344,625.[1]  The issues for

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

decision are: (1) Whether the Court should reconsider its denial of petitioner's fourth motion for continuance; (2) whether the statute of limitations under section 6501(a) bars the issuance of a notice of deficiency; (3) whether petitioner has an income tax deficiency for 1996; and (4) whether petitioner is liable for an addition to tax under section 6651(f).

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Diamond Bar, California.

Petitioner was born in Hong Kong in 1951 and moved to the United States in 1982. Petitioner resided in the United States from 1982 until his deportation on March 17, 2005.

A. Petitioner's Business Activities

During 1996, petitioner earned income from his trade or business of obtaining U.S. passports and Republic of Marshall Islands (Marshall Islands) passports for various individuals. Petitioner also sought foreign investors for his trade or business and used their investments as a basis for obtaining marketing investment visas which would allow the foreign investors to visit the United States.

During 1996, petitioner deposited funds received from his business activities into seven bank accounts. Four of these accounts were in petitioner's name, three at Cathay Bank (the Cathay Bank accounts) and one at Bank of America (the Bank of

America account).  The remaining three accounts were not in petitioner's name but were subject to his control:  (1) "Bona Trust" account at Cathay Bank (the Bona Trust account); (2) "Amex Hospitality" account at Citizens Bank (the Amex Hospitality account); and (3) the "Amex Professional Services Group" account at East West Bank (the Amex Services account).

Petitioner did not make estimated tax payments or file a Federal income tax return for 1996.

B.  Criminal Tax Investigation

Petitioner was the subject of a criminal investigation regarding his 1995 tax return and his failure to file tax returns for 1993, 1994, and 1996.  The criminal investigation was conducted by Special Agent Fred Bautista (Special Agent Bautista).  As a result of the investigation, criminal charges were filed against petitioner, one count under section 7201 for an attempt to evade or defeat tax in 1995 and three counts under section 7203 for willful failure to file tax returns in 1993, 1994, and 1996.  On October 12, 2001, petitioner pleaded guilty to the charges.  As part of the plea agreement, petitioner admitted to receiving income of at least $645,253 in 1996.[2] Petitioner was sentenced to 33 months on the count under section

_____

[2]  The plea agreement was under seal at the time of trial and was not considered by the Court.  See infra p. 17.  However, this admission by petitioner as part of the plea agreement was established by independent evidence.  See infra p. 14.

7201 and 1 year on each of the counts under section 7203, with all terms running concurrently. Petitioner was also ordered to pay restitution to 19 individuals.

C.  Respondent's Determinations

Following the criminal investigation, respondent conducted a civil investigation of petitioner's 1996 taxable year. Agent Bob Golub (Agent Golub) conducted the investigation on respondent's behalf. Respondent used the bank deposits method to reconstruct petitioner's income for 1996. Respondent determined that petitioner had total unreported income of $1,138,436, as reflected by the following: (1) Deposits into the Cathay Bank accounts totaling $369,761; (2) deposits into the Bank of America account totaling $106,670; (3) withdrawals from the Bona Trust account totaling $550,000; (4) withdrawals from the Amex Hospitality account totaling $26,000; and (5) withdrawals from the Amex Service account totaling $86,005.

On June 21, 2002, respondent mailed petitioner a notice of deficiency for the tax year 1996. As reflected in the notice of deficiency, respondent determined that petitioner had an income tax deficiency of $459,500 and was liable for an addition to tax under section 6651(f) of $344,625 for fraudulent failure to file.

D.  Procedural History

On September 23, 2002, petitioner filed his petition with this Court contesting respondent's determinations. The case was

initially calendared for the Court's Los Angeles trial session beginning September 8, 2003.  On August 4, 2003, respondent filed a motion to continue, which was granted on August 27, 2003.  On August 8, 2003, petitioner's counsel filed a motion to withdraw as counsel, which was granted on August 27, 2003.  From August 27, 2003 through March 16, 2005, petitioner proceeded pro se.

The case was recalendared for the Court's Los Angeles trial session beginning March 15, 2004.  On March 1, 2004, petitioner filed a motion to continue, stating:  "The Petitioner moves this Honorable Court to grant * * * [a motion to continue] due to:  a. Incarceration[;]  b. To hire an attorney[;]  c. Review records with C.P.A.[; and] d. Receive bank records."  Petitioner's motion was granted on March 2, 2004.

The case was recalendared for the Court's Los Angeles trial session beginning October 4, 2004.  On August 20, 2004, petitioner filed his second motion to continue, asking the Court to grant his motion "due to the following(s) [sic]:  1. Currently Incarcerated at the Federal Prison[;] 2. To retain/hire an Attorney[;] Review records/files with the C.P.A.[; and] 4. Receive Bank records."  Petitioner's motion was granted on September 14, 2004.

The case was recalendared for the Court's Los Angeles trial session beginning March 14, 2005.  On February 28, 2005, petitioner filed his third motion to continue, asking the Court

to grant his motion "due to:  a/ Incarceration[;] b/ To hire an attorney[;] c/ Review records with the C.P.A.[;and ] d/ Receive bank records."  Respondent objected, noting the two previous motions to continue on the same grounds and petitioner's impending deportation.  The Court denied petitioner's motion to continue on March 2, 2005.

Calendar call was held on March 14, 2005.  At that time, petitioner was still incarcerated.  David C. Holtz (Mr. Holtz) attempted to file another motion to continue on petitioner's behalf.  Mr. Holtz had not filed an entry of appearance with the Court, and the Court informed him that he would not be heard until he filed an entry of appearance.  Mr. Holtz refused to file an entry of appearance, stating that he intended to file an entry of appearance only if the motion for continuance would be granted.  The trial was then scheduled for March 16, 2005.

On March 16, 2005, Steven R. Mather (Mr. Mather) and Mr. Holtz filed an entry of appearance.  At that time, petitioner filed his fourth motion to continue.  In the motion, petitioner states:

> 7.   Petitioner is currently scheduled to be released from custody on March 17, 2005, but will be escorted to the airport and immediately deported from the United States.

* * * * * * *

10. Petitioner has made arrangements to retain the services of Steve Mather and David Holtz * * *. Petitioner's attorneys in turn have engaged the services of Lilly Hsu, C.P.A. to do the accounting work.

11. Once Petitioner is released from incarceration and can gain access to his records, Petitioner can assist Petitioner's counsel in preparing the case for trial.

* * * * * * *

14. * * * Through no fault of his own, Petitioner has been unable to prepare the case for trial, has been unable to gain access to Petitioner's or Respondent's records, and has been unable to assist counsel in the preparation of the case for trial.

The Court heard arguments on petitioner's fourth motion for continuance, during which respondent objected to the motion on the basis of the prior history of continuances and petitioner's impending deportation. After a brief hearing, the Court denied petitioner's motion.[3]

OPINION

A.    Petitioner's Fourth Motion for Continuance

Petitioner contends that the Court should have granted his fourth motion for continuance filed on March 16, 2005. Petitioner argues that "severe prejudice [will result] to petitioner's case due to petitioner's unavoidable inability to

---

[3]    Also on Mar. 16, 2005, respondent filed a motion to dismiss for lack of prosecution. Following the entry of appearance by counsel for petitioner and petitioner's filing of posttrial briefs, the Court denied respondent's motion.

testify. * * * The injustice to petitioner by the Court's failure to grant the motion for continuance is profound."

While petitioner's first three motions for continuance are not in issue, they provide important context. All three motions were filed approximately 2 weeks before the respective calendar calls and listed the same four grounds for continuance: (1) Petitioner's incarceration; (2) to allow petitioner to hire an attorney; (3) to give petitioner the time to review records with an accountant; and (4) to give petitioner time to receive bank records.

Petitioner's fourth motion for continuance was not filed until March 16, 2005, on the morning of trial and 2 days after calendar call. Essentially, the fourth motion offers three grounds for continuance. Two of the grounds are: (1) Petitioner has been unable to review his records on account of his incarceration; and (2) petitioner recently hired counsel and an accountant to help in the preparation of the case.

Rule 133 provides that a motion for continuance filed within 30 days of the trial date will be denied unless the ground for continuance arose during that period or there is a good reason for not making the motion sooner. See Higginbotham v. Commissioner, T.C. Memo. 2005-270; Smith v. Commissioner, T.C. Memo. 2004-198. Employment of an attorney or an accountant shortly before trial ordinarily is not grounds for a continuance.

Rule 133; <u>Schaefer v. Commissioner</u>, T.C. Memo. 1998-163, affd. without published opinion 188 F.3d 514 (9th Cir. 1999); <u>Harris v. Commissioner</u>, T.C. Memo. 1992-638.

From March 1, 2004, when petitioner filed his first motion for continuance, through March 16, 2005, when petitioner filed his fourth motion, petitioner has asserted that he has been unable to review his records on account of his incarceration. This ground for continuance did not arise within 30 days of trial and thus does not justify granting petitioner's motion. See Rule 133.

Petitioner, acting pro se, filed his third motion for continuance on February 28, 2005, which was denied on March 2, 2005. While the record is unclear, it is likely that petitioner hired Mr. Holtz and Mr. Mather, who in turn hired an accountant, sometime after the third motion was denied, or within 2 weeks of trial. In addition, Mr. Holtz and Mr. Mather were not recognized by the Court as petitioner's representatives until they filed an entry of appearance on March 16, 2005, the day of trial. Petitioner had more than 1-1/2 years to hire counsel and an accountant after his first attorney withdrew. His employment of counsel and an accountant so close to trial does not justify granting petitioner's motion. See Rule 133; <u>Schaefer v. Commissioner</u>, <u>supra</u>; <u>Harris v. Commissioner</u>, <u>supra</u>.

Petitioner's third ground for continuance is that he was set to be released on March 17, 2005, and would be better able to prepare for trial after his release. While petitioner was set to be released from incarceration on March 17, 2005, he was to be immediately deported. Petitioner's counsel represented that, upon order of this Court, petitioner would be allowed back into the country for 60 days to prepare for and attend trial. However, they offered no proof of this assertion. Additionally, there is nothing to indicate that petitioner would come back to the United States to prepare for or attend trial. Petitioner has repeatedly filed motions for continuance within approximately 2 weeks of trial and has apparently failed to take any steps in preparation for trial since his first attorney withdrew. Considering the history of this case, we doubt petitioner would be more likely to prepare for trial after deportation. We find that petitioner's release from incarceration, given his immediate deportation, does not justify granting petitioner's motion.

The Court has wide discretion to consider the prejudice to all parties to a case when ruling on a motion for continuance. Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (trial court granted broad discretion on matters of continuance); Schaefer v. Commissioner, supra; Harris v. Commissioner, supra. Any prejudice to petitioner was the result of his own delay in preparation for trial and his procrastination in hiring counsel

and an accountant.  Petitioner has presented nothing that would indicate the Court should have granted his fourth motion for continuance.

B.    Statute of Limitations

Petitioner argues that the statute of limitations under section 6501 bars the issuance of respondent's notice of deficiency because the notice was issued more than 3 years after petitioner's 1996 return was due.  Petitioner's argument is flawed, both procedurally and substantively.

Rule 39 provides that "A party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including * * * the statute of limitations." Petitioner did not raise the statute of limitations as an affirmative defense in his petition, reply, or at trial, but does so for the first time on brief.[4]  Petitioner's failure to timely raise the statute of limitations amounts to a waiver of this affirmative defense.  Because petitioner has waived it, we need not consider his argument further.  However, because petitioner seeks to misapply section 6501, we will briefly address it.

---

[4]  In his opening brief, petitioner states:  "Respondent apparently contends as an affirmative defense that the statute remains open".  Respondent is not raising an affirmative defense and thus the burden is not on respondent to plead it.  Petitioner apparently made this argument in an effort to side-step the fact that he failed to plead the statute of limitations as an affirmative defense, and it is without merit.

Section 6501(a) provides: "Except as otherwise provided in this section, the amount of any tax imposed by this title shall be <u>assessed within 3 years after the return was filed</u> (whether or not such return was filed on or after the date prescribed)". (Emphasis added.) Section 6501(a) thus provides a 3-year period of limitations on the assessment of tax running from the date when a return was filed--it does not provide a period of limitations within which a notice of deficiency must be issued. Because petitioner did not file a return, respondent may issue a notice of deficiency at any time and the period of limitations on assessment remains open indefinitely. See sec. 6501(c)(3). Petitioner's argument has no merit.

C. Petitioner's Federal Income Tax Deficiency

Respondent determined that petitioner had unreported income of $1,138,436 in 1996, and a corresponding Federal income tax deficiency of $459,500. Petitioner asserts that because respondent failed to produce sufficient evidence of petitioner's receipt of taxable income, the notice of deficiency is not entitled to a presumption of correctness. Therefore, petitioner argues, respondent bears the burden of proof with respect to the unreported income at issue. In making this argument, petitioner ignores his own admission.

The Court of Appeals for the Ninth Circuit, to which an appeal of this case would lie, has held that the Commissioner's

deficiency determination is normally entitled to a presumption of correctness.  Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985); Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir. 1984), affg. T.C. Memo. 1982-666; Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), revg. 67 T.C. 672 (1977); see Rule 142(a); see also Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, in an unreported income case this presumption arises only when it is supported by some substantive evidence that the taxpayer received unreported income.  Rapp v. Commissioner, supra; Delaney v. Commissioner, supra; Weimerskirch v. Commissioner, supra; see also United States v. Janis, 428 U.S. 433, 441-442 (1976).  Once the Commissioner has carried his initial burden of introducing some evidence linking the taxpayer with the income-producing activity, the burden shifts to the taxpayer to rebut the presumption by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous.  Rapp v. Commissioner, supra; Adamson v. Commissioner, 745 F.2d 541, 671 (9th Cir. 1984), affg. T.C. Memo. 1982-371; see Rule 142(a).

In his answer, respondent states:

> [6](c) In this plea agreement, petitioner admitted he had gross income during the calendar year 1996 of at least $645,253.00.

> * * * * * * *

> [6](e) During 1996 the petitioner was in the trade or business of obtaining passports and visas.

\*   \*   \*   \*   \*   \*   \*

[6](m) Petitioner admitted in his plea agreement that in 1996 he had income from his trade or business of obtaining U.S. passports and of obtaining Republic of the Marshall Island passports for various individuals.

[6](n) Petitioner had income in 1996 from his trade or business of obtaining legitimate U.S. passports for residence outside of the United States, including residence of the Marshall Islands.

In his reply to answer, petitioner states:

6(a) through (c), inclusive.  Admits.

\*   \*   \*   \*   \*   \*   \*

6(e).  Admits.

\*   \*   \*   \*   \*   \*   \*

6(m).  Admits.

6(n).  Admits.

Petitioner's admissions are sufficient for respondent to carry his initial burden of connecting petitioner with the income-producing activity.  Thus, the burden is on petitioner to show that respondent's deficiency determination is arbitrary or erroneous.  See Rule 142(a).

Petitioner's argument focused exclusively on respondent's alleged inability to connect petitioner with the income-producing activity.  Petitioner did not produce any evidence that would indicate respondent's determinations were incorrect.  Petitioner has failed to meet his burden of proof.  Therefore, we sustain respondent's determination that petitioner had unreported income

of $1,138,436 and a Federal income tax deficiency of $459,500 for 1996.

D.   Addition to Tax Under Section 6651(f)

Respondent determined that petitioner is liable for an addition to tax under section 6651(f) of $344,625 for fraudulent failure to file a return in 1996.  Petitioner argues that respondent has not met his burden of proof under Rule 142(b) and section 7454(a).

Section 6651(f) imposes an addition to tax of up to 75 percent of the amount of tax required to be shown on the return where the failure to file a Federal income tax return is due to fraud.  The Commissioner has the burden of proving fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646, 652-653 (1994).  For this purpose, we consider the same factors under section 6651(f) that are considered in imposing the fraud penalty under section 6663 and former section 6653(b).  Clayton v. Commissioner, supra at 653.

Fraud is an intentional wrongdoing designed to evade tax known or believed to be owing.  Edelson v. Commissioner, 829 F.2d 828, 833 (9th Cir. 1987), affg. T.C. Memo. 1986-223; Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601.  The existence of fraud is a question of fact to be resolved upon consideration of the entire record.  DiLeo v.

Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Recklitis v. Commissioner, 91 T.C. 874, 909 (1988).  Fraud is rarely established by direct evidence, and various kinds of circumstantial evidence may be relied upon to establish fraud. Bradford v. Commissioner, supra at 307; Stone v. Commissioner, 56 T.C. 213, 224 (1971).

Courts have developed several indicia, or "badges of fraud", from which fraud may be inferred.  See Bradford v. Commissioner, supra at 307-308; Clayton v. Commissioner, supra at 647; Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992).  Although no single badge is necessarily sufficient to establish fraud, the existence of several badges may be persuasive circumstantial evidence of fraud.  Niedringhaus v. Commissioner, supra. Respondent argues the following badges of fraud are present:  (1) Failing to file tax returns; (2) understating income; (3) maintaining inadequate books and records; (4) sophistication in business affairs; (5) concealing assets; (6) dealing in large amounts of cash; (7) engaging in illegal activities; and (8) failing to make estimated tax payments.[5]

Petitioner's plea of guilty to three counts under section 7203 conclusively establishes petitioner's willful failure to file tax returns in 1993, 1994, and 1996, which is a badge of

---

[5]  Respondent framed the badges of fraud in a different manner.  However, several of the badges alleged by respondent were repetitive, and are thus listed only once.

fraud.  See <u>Castillo v. Commissioner</u>, 84 T.C. 405, 409-410 (1985).  Respondent also established that petitioner failed to make estimated tax payments in 1996.

In an attempt to establish the remaining badges of fraud, respondent relies almost entirely on petitioner's plea agreement, the plea hearing transcript, and testimony directed towards those documents.  However, at trial, respondent informed the Court that the documents were under the seal of the U.S. District Court for the Central District of California.  Respondent further stated that the seal could have been removed but was not because respondent's counsel failed to realize the seal was in place until the week before trial.  Respondent provided no authority for our using those documents while they are under seal.  The Court informed respondent that it would respect the seal of a Federal District Court and would not consider the plea agreement or the plea hearing transcript.  In an attempt to get into evidence the information contained in those documents, respondent called Special Agent Bautista as a witness.  Specifically, Special Agent Bautista testified to admissions purportedly made by petitioner during the plea hearing.  However, the testimony was struck from the record because it was based on Special Agent Bautista's reading of the sealed documents.  The purported admissions were not made directly to Special Agent Bautista, and he had no independent recollection of the admissions.

In his posttrial briefs, respondent continued to rely on information contained in the plea agreement, the plea hearing transcript, and Special Agent Bautista's testimony despite being informed that the sealed documents would not be considered and after the testimony was struck from the record.

The only other information used by respondent in an attempt to establish fraud was the testimony of Agent Golub. Agent Golub offered general statements that petitioner failed to maintain adequate books and records, concealed assets and income, and dealt heavily in cash. However, there is nothing in the record to provide any detail with respect to Agent Golub's testimony. Respondent failed to provide sufficient information that would allow the Court to consider these purported badges of fraud.

Respondent did not present fact witnesses or introduce clear and convincing evidence to establish that petitioner's failure to file a return in 1996 was due to fraud. Instead, respondent relied on sealed documents, testimony struck from the record, and vague testimony of one of his agents. We find that respondent failed to meet his burden of proving fraud by clear and convincing evidence. Therefore, we hold that petitioner is not liable for an addition to tax under section 6651(f) for fraudulent failure to file.[6]

---

[6] Respondent has not argued in the alternative that petitioner is liable for an addition to tax under sec.
(continued...)

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency in income tax and for petitioner as to the addition to tax</u>.

---

[6](...continued)
6651(a)(1), and thus, we do not consider it.