NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMIR SAFAKISH,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　Respondent-Appellee. | No.　15-70826<br><br>Tax Ct. No. 8032-10<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted April 11, 2017**

Before:　GOULD, CLIFTON, and HURWITZ, Circuit Judges.

　　Amir Safakish appeals pro se from the Tax Court's decision following a

bench trial upholding the Commissioner of the Internal Revenue's determination of

income tax deficiencies and penalties for tax years 2006 and 2007, and additions

for 2007.　We have jurisdiction under 26 U.S.C. § 7482(a)(1).　We review de novo

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

the Tax Court's legal conclusions and for clear error its findings of fact. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008). We affirm.

The Tax Court properly determined the deficiencies for tax years 2006 and 2007 because Safakish did not meet his burden to show his entitlement to business expense deductions. *See Delaney v. Comm'r*, 743 F.2d 670, 671 (9th Cir. 1984) (Commissioner's deficiency determination is presumptively correct and it is incumbent on taxpayer to rebut the presumption by a preponderance of the evidence); *Cracchiola v. Comm'r*, 643 F.3d 1383, 1385 (9th Cir. 1981) (taxpayer must maintain records from which his tax liability can be determined); *Geiger v. Comm'r*, 440 F.2d 688, 689 (9th Cir. 1971) (burden is on the taxpayer to prove he is entitled to business expense deductions); *see also* 26 U.S.C. § 6001.

The Tax Court properly found that Safakish failed to demonstrate reasonable cause for the late filing of his 2007 tax return. *See* 26 U.S.C. § 6651(a)(1) (providing for penalties for failure to file a timely tax return); *United States v. Boyle*, 469 U.S. 241, 245 (1985) ("To escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" (citation omitted)).

The Tax Court properly found that Safakish was liable for accuracy-related

penalties for the tax years 2006 and 2007 for underpayment caused by Safakish's negligence. *See* 26 U.S.C. § 6662(a), (b); *Hansen v. Comm'r*, 741 F.3d 1021, 1028-29 (9th Cir. 2006) (accuracy-related penalty on underpayment of tax may be assessed due to taxpayer's negligence).

We do not consider documents submitted by Safakish with his opening and reply briefs that were not filed or admitted into evidence by the Tax Court. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (papers not filed or admitted into evidence below are not part of the record on appeal); *see also* Fed. R. App. P. 10.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-70826