T.C. Memo. 1997-45


UNITED STATES TAX COURT


TIMOTHY C. SADLIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22181-94.                    Filed January 27, 1997.


Timothy C. Sadlier, pro se.

<u>Willie Fortenberry, Jr.</u>, for respondent.


MEMORANDUM OPINION


COLVIN, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment under Rule 121.  On August 25, 1995, respondent filed a motion for summary judgment to sustain the adjustments to income and additions to tax determined in the notice of deficiency.  Timothy C. Sadlier

failed to appear at the calendar call on December 4, 1995, and no one appeared on his behalf. We decide this motion on the basis of the parties' pleadings, admissions, written submissions, and other acceptable materials. For reasons stated below, we grant respondent's motion.

## Background

Petitioner lived in Florida when he filed the petition in this case.

By notice of deficiency dated November 1, 1994, respondent determined that petitioner has a deficiency in Federal income tax and an addition to tax and penalties as follows:

|      |            | Addition To Tax and Penalties | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662 | Sec. 6663 |
| 1989 | $29,659 | $6,589 | $268 | $21,240 |

Respondent determined that all but $1,339 of the deficiency was attributable to fraud. Respondent also determined that petitioner was liable for a penalty for negligence under section 6662 for this $1,339 part of the deficiency.

On February 27, 1995, respondent filed an answer to petitioner's amended petition. In it, respondent alleged:

> 6. FURTHER ANSWERING the amended petition and in support of the determination that a part or all of the underpayment of tax required to be shown on the petitioner's income tax return for the taxable year 1989 is due, in whole or in part, to fraud with the intent on the part of the petitioner to evade tax, the respondent alleges:

(a) Prior to and during the year 1989, petitioner, Timothy Charles Sadlier, was extensively involved in gambling, especially horse and dog races.  Also, prior to and during 1989, petitioner was involved in other business activities, whether illegal or legal, which required the reporting of income.

(b) During the year 1989, the petitioner derived unreported taxable income from the aforementioned business activities as well as additional unreported rental income and interest income.

(c) The records maintained by petitioner for the taxable year 1989 were inadequate in that they were incomplete and failed to disclose all sources of income and did not properly reflect the correct taxable income of petitioner.

(d) The petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records for respondent in connection with the examination of his income tax return for the taxable year 1989 were fraudulent acts conducted by petitioner with the intent to evade tax for the taxable year 1989.

(e) Because of the petitioner's failure to maintain adequate books and records of his income-producing activities, his refusal to cooperate with respondent's examining agents, and his failure to voluntarily report his federal income tax for the taxable year 1989, the respondent has determined the petitioner's correct taxable income for the taxable year 1989 by the use of a combination sources and application of funds and specific item method of reconstructing income.  In making her determination, the respondent has utilized all records, memoranda and other sources of information which were available.

(f) Petitioner is an admitted gambler of many years and was clearly aware that all gambling income was includable in income in the year of receipt.

(g) Petitioner also had an extensive history of arrest involving the distribution of marijuana paraphernalia.

(h) During 1989, petitioner received the following sources of funds totaling $70,901:

| Sources of Funds | Tax Year: 1989 |
|---|---|
| Interest income per return | $145 |
| Rental income per return | 7,800 |
| Rental income increase (herein) | 600 |
| Gambling winnings per return | 23,298 |
| Sch. C Reentries gross receipts per return | 3,260 |
| Sch. C Reentries gr. receipts increase (herein) | 3,003 |
| Reimbursement from New Horizons | 11,700 |
| NCNB acct #4319742 1/1/89 balance | 9,998 |
| Horse sale proceeds per return | 2,500 |
| Loan from mother | 6,000 |
| Credit card cash advances | 2,597 |
| | |
| Total | $70,901 |

(i) During 1989, petitioner had the following application of funds totaling $156,425:

| Application of Funds | Tax Year: 1989 |
|---|---|
| Withholding credits per return | $3,302 |
| Sch. C Reentries purchases per return | 6,231 |
| Sch. C Reentries purchases decrease herein | (271) |
| Sch. C Reentries expenses per return | 5,462 |
| Sch. E expenses per return | 4,200 |
| Sch. E depreciation per return | (1,677) |
| Loan to New Horizons | 95,991 |
| Personal expenses | 38,180 |
| NCNB acct #4319742 1/1/89 balance | 5,007 |
| | |
| Total | $156,425 |

(j) For the year 1989, petitioner had unexplained applications of funds in excess of sources of funds in the amount of $85,524, which petitioner failed to report on his fraudulent delinquent income tax return filed for the taxable year 1989, all with the intent to evade tax for the period.

(k) For 1989, petitioner failed to report bartered rental income in the amount of $600, all with the intent to evade tax for the period.

(l) Petitioner failed to report income from the operation of the business, Re-Entries Consignment Shop in the amount of $3,003 for 1989, all with the fraudulent intent to evade tax for the period.

(m) Petitioner filed his 1989 return on September 18, 1990, with the knowledge that he clearly failed to report all income received for the year, whether illegal or legal, all with the fraudulent intent to evade tax for the year.

(n) Petitioner failed to report taxable income of $94,469 for taxable year 1989, all with the fraudulent intent to evade tax for the year.

(o) Petitioner failed to report his tax liability in the amount of $29,659 for 1989, all with the fraudulent intent to evade tax for the year.

(p) A part or all of the underpayment of tax which petitioner was required to show on his income tax return for the taxable year 1989 is due to fraud.

7. FURTHER ANSWERING the Amended Petition and in the alternative to the additions to the tax for the taxable year 1989 due from the petitioner under the provisions of I.R.C. section 6663 and in support of respondent's claim for additions to the tax for the taxable year 1989 under the provisions of I.R.C. section 6662(a) in the amount totaling $5,664, the respondent alleges as follows:

(a) Petitioner was clearly aware that when he filed his delinquent income tax return that he had not reported all the income received by him for the taxable year 1989.

(b) Petitioner's failure to file timely a return for 1989 and report his income received during the year and petitioner's underpayment of income tax for the taxable year 1989 were due to negligence and the intentional disregard of rules and regulations, as is more fully set forth by the facts in paragraph 6 above, which facts are incorporated herein by reference * * *.

Petitioner did not file a reply to respondent's allegations.

On May 22, 1995, respondent filed a motion under Rule 37(c) to

have the undenied allegations of fact deemed admitted.  By notice of filing dated May 22, 1995, the Court directed petitioner to file a reply on or before June 12, 1995.  Petitioner did not respond.  We granted respondent's motion on June 19, 1995.

On August 28, 1995, we ordered petitioner to file a response to respondent's motion for summary judgment.  Petitioner did not do so.

## Discussion

### A.  Summary Judgment and Deemed Admissions

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  We grant summary judgment if the pleadings, answers to interrogatories, depositions, admissions, affidavits, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (9th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The Commissioner may carry the burden of proof by undenied facts deemed admitted under Rule 37(c). <u>Doncaster v. Commissioner</u>, 77 T.C. 334, 336-338 (1981); <u>Marcus v. Commissioner</u>, 70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); <u>Gilday v. Commissioner</u>, 62 T.C. 260, 262 (1974). If facts are deemed admitted under Rule 37(c), the Commissioner may move for judgment on the issues, including fraud, on the basis of the facts deemed admitted under Rule 121 (summary judgment). <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).

B. <u>Deficiency</u>

Respondent seeks summary judgment that the deficiency and addition to tax and penalties determined in the notice of deficiency be sustained. The allegations in respondent's answer to petitioner's amended petition were deemed admitted under Rule 37(c) when we granted respondent's motion on June 19, 1995. On the basis of those deemed admissions respondent seeks to hold petitioner liable for the deficiency in income tax and addition to tax and penalties respondent determined in the notice of deficiency.

We conclude that there are no genuine issues of material fact, and that respondent is entitled to judgment sustaining respondent's determination of the deficiency and addition to tax and penalties for 1989 as a matter of law.

C.    Fraud

Respondent determined that petitioner is liable for fraud under section 6663.  Respondent affirmatively pled fraud and the facts in support of fraud in the answer.  Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for the year in issue was due to fraud. Secs. 6663(b), 7454(a); Rule 142(b).  Respondent must establish that petitioner underpaid tax and that part of the underpayment was due to fraud.  Sec. 6663(b).  The deemed admissions under Rule 37(c) establish that petitioner underpaid tax for 1989 in the amount determined by respondent.  Doncaster v. Commissioner, supra.

Respondent must prove by clear and convincing evidence that petitioner had fraudulent intent.  Parks v. Commissioner, 94 T.C. 654, 664 (1990).  Fraud means actual, intentional wrongdoing, Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), or the intentional commission of an act for the specific purpose of evading a tax believed to be owing, Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81.  The deemed admissions also establish that petitioner did not report all of his income.

The courts have developed a number of objective indicators or "badges" of fraud.  Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).  Several badges of fraud are present in this case:

(1) A large understatement of income, (2) inadequate records, and (3) failure to cooperate with tax authorities.  Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Ruark v. Commissioner, 449 F.2d 311, 312-313 (9th Cir. 1971), affg. T.C. Memo. 1969-48.

### 1.   Large Understatement of Income

The deemed admissions establish that petitioner knowingly underreported $94,469 in income for 1989 that he derived from business, gambling, and barter activities, and that he knew that gambling income was includable in income in the year of receipt.

### 2.   Inadequate Records

A taxpayer's failure to maintain accurate records is a badge of fraud.  Merritt v. Commissioner, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172; Reaves v. Commissioner, 295 F.2d 336, 338 (5th Cir. 1961), affg. 31 T.C. 690 (1958).  The deemed admissions establish that petitioner's records were incomplete and did not disclose all of his sources of income.

### 3.   Failure To Cooperate With Tax Authorities

A taxpayer's failure to cooperate with the Commissioner's examining agents is a badge of fraud.  Bradford v. Commissioner, supra.  The deemed admissions establish that petitioner refused to cooperate with respondent's examining agents, forcing them to use alternative methods to reconstruct petitioner's income.

Respondent has established by clear and convincing evidence that petitioner intended to evade tax.  We conclude that

petitioner is liable for the fraud penalty under section 6663 for 1989 and that $28,320 of the underpayment for 1989 was due to fraud. In the memorandum of authorities in support of the motion for summary judgment, respondent conceded that $1,339 of the underpayment for 1989 was not due to fraud. Respondent contends that this amount is due to negligence under section 6662. The deemed admissions establish that petitioner is liable for the negligence penalty as to the $1,339 because petitioner failed to keep adequate records and negligently failed to report income.

We will grant respondent's motion for summary judgment to sustain the adjustments to income and addition to tax and penalties determined in the notice of deficiency.

An appropriate order and
decision will be entered.