**Mary RUARK, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 24913.

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1971.

Joseph H. Trethewey (argued), of Trethewey, Brink & Wilson, Seattle, Wash., for petitioner-appellant.

Carleton D. Powell (argued), Lee A. Jackson, Joseph M. Howard, Stephen Schwarz, Dept. of Justice, Johnnie Walters, Asst. Atty. Gen., Tax Div., K. Martin Worthy, Chief Counsel of IRS, Washington, D. C., for respondent-appellee.

Before KOELSCH and HUFSTED-LER, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

Taxpayer, Mary Ruark, appeals from a judgment of the Tax Court holding her liable for tax deficiencies and additions assessed under the civil fraud provisions of 26 U.S.C. § 6653(b). The pertinent facts are not in dispute. From a rather modest beginning and equipped only with an eighth grade education taxpayer has spent most of her life working at various unskilled jobs; three marriages have contributed little to her economic well-being. In 1959 taxpayer purchased a small restaurant located in one of the older and less pretentious sections of Yakima, Washington. Her customers were migrant farm laborers, for whom she provided, in addition to food, truck transportation to the fields. Nonetheless, by the end of 1960 taxpayer had accumulated in various bank accounts a total of $50,099.77. Four years later these balances had increased to $91,263.69.

Taxpayer did not report any interest income on her 1961 and 1962 tax returns (which she signed "Mary Schaufler") though her savings increased substantially; $841.68 and $2,091.10 were reported as interest income respectively on her 1963 and 1964 returns (signed Mary Ruark). From her restaurant operations during the years in question, 1961 through 1964, taxpayer reported a total of $408.95. In explaining her wealth, taxpayer testified that she received $10,000 from her mother on her initial marriage in 1925 and that by the time she obtained a divorce from her second husband in 1949 she had accumulated $65,000 in cash. A "cash hoard" still aggregating some $30,000 was related as the source of the $41,163.92 increase during the four years under scrutiny.

Two questions are now presented: (1) Whether the evidence sustained the

determination that the cash deposits to taxpayer's savings accounts during the years 1961 through 1964 constituted taxable income; and (2) Whether the heavy burden of proving that taxpayer was guilty of fraud with intent to evade taxes for each of the years in question was met.

■ Once it is shown that unreported receipts or deposits have the appearance of income, the taxpayer has the burden of convincing the Tax Court that the currency deposits came from a nontaxable source. See Foster v. C. I. R., 391 F.2d 727, 734–735 (4th Cir. 1968). In view of taxpayer's background and earning history her entire story, as stated by the Tax Court, "is incredible" [RT, p. 77]. This Court in Factor v. C. I. R., 281 F.2d 100, 111 (9th Cir. 1960), cert. denied 364 U.S. 933, 81 S.Ct. 380, 5 L. Ed.2d 365 (1961), observed:

"[T]he court is not bound to accept testimony at face value even when it is uncontroverted if it is improbable, unreasonable or questionable."

Under the circumstances, the Tax Court was not bound to find that the presumption running in favor of the Commissioner was overcome by the vague and contradictory testimony of the taxpayer. See Dudley v. United States, 428 F.2d 1196, 1202 (9th Cir. 1970); Mills v. C. I. R., 399 F.2d 744 (4th Cir. 1968); Factor v. C. I. R., supra.

26 U.S.C. § 6653(b) provides for the assessment of a 50 per cent penalty on the total amount of a deficiency "[i]f any part of any underpayment * * * of tax required to be shown on a return is due to fraud * * *.". Among the badges of fraud, the Supreme Court, in Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943), has suggested the following:

"[C]oncealment of assets or covering up sources of income, handling of

---

* Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal."

■ Gross understatement of income may in itself be a basis for a finding of fraud. Factor v. C. I. R., *supra*, 281 F.2d at 129. Similarly, the concealment of the ownership of property or income is indicative of a willful intent to evade taxes. Furnish v. C. I. R., 262 F. 2d 727, 729–730 (9th Cir. 1958); Remmer v. United States, 205 F.2d 277, 288 (9th Cir. 1953). Taxpayer made numerous misstatements during the course of the tax audit for the years in question —she denied the existence of savings accounts [*compare* RT pp. 167, 197 *with* p. 69]; with regard to the source of the various bank deposits, she claimed the funds derived from the rental of a Missouri farm [RT pp. 167–69, 197], but later introduced the cash hoard explanation. She also concealed the ownership of her property—she admitted that one week after the initial audit she withdrew the outstanding balances of her savings accounts, putting two of them in a fictitious name (Anna Mary Day) and transferring the remainder to out-of-state banks [RT pp. 152–53, 155–57]. The record is replete with inconsistencies relative to the taxpayer's explanation of the source from which the questionable funds were derived. Having sustained its burden by clear and convincing proof, the Commissioner has satisfied the fraud provisions of 26 U.S.C. § 6653(b). Conversely, the taxpayer has failed in her burden of showing clear error, which is necessary before a finding of the Tax Court will be disturbed. Factor v. C. I. R., *supra* at 109; Ferrando v. United States, 245 F.2d 582, 587–588 (9th Cir. 1957); Wener v. C. I. R., 242 F.2d 938, 944 (9th Cir. 1957).

The decision of the Tax Court is affirmed.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al. 5 Cir., 1970, 431 F.2d 409, Part I.