THEODORE E. LOCKABEY and GUSSIE LOCKABEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lockabey v. Commissioner
Docket No. 1708-71.
United States Tax Court
T.C. Memo 1974-100; 1974 Tax Ct. Memo LEXIS 219; 33 T.C.M. (CCH) 493; T.C.M. (RIA) 74100; April 23, 1974, Filed. *219 Petitioner was a sales representative for a corporation on a commission basis. He deducted travel and entertainment expenses and charges arising from telephones located in his home and apartment. Held, petitioners are not entitled to deduct business expenses in excess of the amounts allowed by the Commissioner. Petitioner had unexplained deposits in a Mexican bank account. His current income was not sufficient, when compared with current expenses, to account for the deposits. Held, petitioners must include the unexplained deposits in gross income. Sec. 61, I.R.C. of 1954.
Petitioner received stock in a Mexican corporation for personal services rendered. At the time of issuance, the stock had a par value of $80 per share. Held, petitioners are required to include the part value of the stock received in gross income to the extent it does not represent reimbursement for expenses. Sec. 61, I.R.C. of 1954. Theodore E. Lockabey, pro se. Jonathan Brod, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined deficiences in petitioners' income tax for the years 1965, 1966 and 1967 as follows: Year Ended
Deficiency
Addition to Tax Section 6653(a) December 31, 1965 [1] *220 $131.87
$6.59
December 31, 1966
2,889.00
144.45
December 31, 1967
2,491.13
124.56
Several issues have been settled by the parties. The issues remaining for decision are: (1) whether petitioners are entitled to a deduction for business expenses in excess of amounts determined by respondent; (2) whether petitioners had unreported income which must be included in gross income under section 61; [2] and (3) whether stock received by petitioners for services rendered has value for purposes of inclusion in income. Theodore E. Lockabey (hereinafter referred to as petitioner) and Gussie Lockabey are husband and wife who maintained a residence in San Bernardino, California, when the petitioner was filed. Federal income tax returns for years 1965 through 1967 were filed with the district director of internal revenue in Los Angeles, California. The first issue is whether petitioner is entitled to deductions for business expenses and interest in excess of amounts allowed by the Commissioner. From 1962 through 1966 petitioner worked for *221 Toten Tubes, Inc. of Los Angeles, California, as a sales representative on a commission basis. Totten Tubes, Inc. did not pay any of his expenses and did not reimburse him for expenses. Petitioner's territory consisted of the State of Arizona, the Imperial Valley in California and San Diego County. His job required traveling into these areas to call on customers and prospective customers once per month in Arizona and the Imperial Valley. In San Diego County sales calls were made monthly in 1962 through 1965 and from monthly to quarterly in 1965. At issue are deductions for travel and entertainment, telephone charges and interest.For ease of discussion, each category of deduction will be discussed separately below. With regard to entertainment expenses, petitioner contends that he is entitled to deduct $55.57 and $130.47 for 1966 and 1967, respectively, in addition to those allowed by the Commissioner. The respondent contends that these amounts are not allowable because petitioner failed to meet the substantiation requirements of section 274. [3] *223 In order for an expenditure to be deductible as a business expense, section 274 requires that the taxpayer meet strict substantiation *222 requirements. Section 1.274-5(b) (3), Income Tax Regs., provides that no deduction for entertainment expenditures is allowable unless the taxpayer substantiates the amount, time, place, business purpose of the expenditure and business relationship of the person entertained. Section 274 contemplates substantiation by more than the self-serving testimony of the taxpayer. John L. Ashby, 50 T.C. 409 (1968), and section 1.274-5(c) (1), Income Tax Regs. The only evidence presented by petitioner to substantiate the amounts allegedly spent for entertainment was his own self-serving testimony. Petitioner did not retain any records, other than cancelled checks or check stubs, to indicate when and on whom such amounts were expended. Petitioner therefore fails to meet his burden of proving that the Commissioner's determination is incorrect. With regard to the telephones charges, petitioner contends that he is entitled to deduct $138.61 in 1967 as an ordinary and necessary business expense. The amount of $138.61 represents three checks. Two checks in the amounts of $43.29 and $23.87 were paid by petitioner for a telephone installed in his personal residence. A third check in the amount of $71.45 was paid for a telephone installed in a room in El Centro, *224 California, which petitioner claimed to use for business purposes, with an extention in an apartment he rented in that city. Respondent contends these expenses were personal, rather than business, in nature. Section 162 [4] allows a deduction for all ordinary and necessary expenses paid during the year in carrying on a trade or business. Section 262, [5] *225 however, provides that no deduction is allowed for personal, living or family expenses. Since both telephones in question are located in petitioner's home or apartment, dual use of the telephones would require an allocation between business and nonbusiness uses. International Artists, Ltd., 55 T.C. 94 (1970). Petitioner, however, presented no evidence on which an allocation can be made. Therefore, the amounts are not deductible under section 262. With regard to the interest deduction, petitioner contends that he is entitled to deduct $1,388.71 for interest paid in 1966 and $1,611.81 for interest paid in 1967. Respondent allowed interest deductions in the amounts of $1,191.45 and $1,545.47 for 1966 and 1967, respectively. Section 163 allows a deduction for all interest paid during the taxable year. Petitioner presented no proof that any amount of interest in excess of that allowed by respondent was paid during 1966 or 1967. Therefore, petitioner is not entitled to an increase in the amount of interest allowable for taxable years 1966 and 1967. The second issue is whether petitioner has unreported income which was deposited in a Mexican bank. In 1966, $13,601.29 was deposited under petitioner's name in the Bank of Commercio, Mexico. Respondent has conceded that $11,650 of that amount was obtained from loans and therefore is not includable in petitioner's gross income. Section 61[6] requires that gross income include all income from whatever source derived. At the trial, petitioner testified that the remaining $1,951.29 was deposited by himself out of his paychecks. Petitioner presented no substantiation of this. *226 Once it is shown that unreported deposits have the appearance of income, the taxpayer has the burden of proving that the currency deposits came from a nontaxable source. Ruark v. Commissioner, 449 F.2d 311 (C.A. 9, 1971), affirming a Memorandum Opinion of this Court, and Thomas B. Jones, 29 T.C. 601, 614 (1957). Petitioner testified that the unexplained portion of the bank deposits were made by him from current income. In 1966, petitioner had income of $9,260.76, consisting of $6,760.76 reported on his income tax return and $2,500 as payment from the sale of a water tank which petitioner conceded should have been included in income. Petitioner claimed $6,537.35 spent as business expenses. At the trial, petitioner testified that, during 1966, he spent $954 for an apartment in El Centro, California, $1,512 for automobile payments, at least $200 for clothes for himself and $78 for insurance. These amounts, plus the amounts deducted by petitioner on the income tax return exceed his income of $9,260.76. Furthermore, *227 these amounts do not take into consideration personal automobile expenses, food for petitioner and his wife, clothes for his wife, or other miscellaneous expenses. Thus, petitioner's expenses for 1966 exceed his explained income, thus negating his contention that the unexplained deposits in the Mexican bank were made by him from current income. Since petitioner has offered no other explanation for the unexplained deposits, he has failed to meet his burden of proving the respondent's determination to be incorrect. We hold for respondent on this issue. The third issue is whether stock received by petitioner had an ascertainable value for purposes of inclusion in gross income. Petitioner performed services for a Mexican corporation known as Industries Vigilante, S.A. of Sonora, Mexico. Petitioner's fees for such services were $7,200, plus reimbursement of approximately $1,600 for telephone charges and $3,921 for automobile expenses incurred in performing such services. In payment for these services, the Mexican corporation issued 160 shares of its stock to petitioner on or about July 15, 1967. At the time of issuance the stock had a par value of $80 per share. Petitioner did not *228 include any amount in income as a result of his acquisition of the stock in 1967. In the statutory notice of deficiency, respondent determined the stock was worth par value. Therefore, respondent included amounts of $7,200 and $3,921 in income as representing payment for personal services and the receipt of income the amount of which had been previously deducted by petitioner, respectively. Petitioner contends that the stock was worthless at the time of his receipt and therefore he received no income. Respondent contends that the stock had a value equal to par value at the time of issuance. Determination of the fair market value of property at a given date is a question of fact. Philip Kaplan, 43 T.C. 663 (1965). The Commissioner determined that the stock was worth par value at the time of issuance to petitioner. The use of par value by the Commissioner is presumptively correct and the taxpayer has the burden of proving it incorrect. R. L. Crook, et al., 5 B.T.A. 197 (1926), affd. 23 F.2d 1000 (C.A. 5, 1928). The only proof offered by petitioner that the stock was worthless, rather than equal to the par value, was his own uncorroborated testimony. Petitioner testified that *229 the stock was worthless because the Mexican corporation was illegal from its inception and was in the process of being liquidated. Petitioner, however, offered no proof that the Mexican corporation was illegal or that it was under liquidation. Nor did he offer any proof that these facts, if proven, affected the value of the stock. Furthermore, petitioner offered no evidence with regard to Mexican law nor offered any witnesses to testify thereto. Petitioner has failed to present any evidence to rebut the value placed on the stock by the respondent. We hold for respondent on this issue. The respondent also determined that an addition to tax should be assessed under section 6653(a) for underpayment of tax in 1966 and 1967 'due to negligence or intentional disregard of rules and regulations.' The burden of proof on this issue is upon petitioner. Estate of Ralph B. Campbell, 56 T.C. 1 (1971). We find that petitioner has failed to meet his burden and therefore hold for respondent on this issue." Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded that there is no deficiency or addition to tax with respect to the taxable year 1965. 2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise indicated. ↩
3. SEC. 274(d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The secretary or his delegate may by regulations provide that some or all of the requirements of the preceeding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. ↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. 6. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, * * * ↩