JOHN G. OPPENHEIMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oppenheimer v. Commissioner
Docket No. 33243-84.
United States Tax Court
T.C. Memo 1986-537; 1986 Tax Ct. Memo LEXIS 72; 52 T.C.M. (CCH) 980; T.C.M. (RIA) 86537; November 5, 1986. John G. Oppenheimer, pro se. Lenore Lambert, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of section 7456(d)(3) (redesignated sec. 7443A(b)(3) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat.    ) and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioner's 1981 Federal income tax in the amount of $405. The sole issue for determination is the includability in petitioner's 1981 income of interest on certain bank accounts, amounting to $2,441. Some of the facts were stipulated and are so found. Petitioner resided at Los Angeles, California, when he timely filed his petition herein. Petitioner had 23 bank accounts during 1981. Of these he was able to supply the Court with information regarding *74 17 of the accounts. Each showed his social security number, but there were various names: 2 - petitioner's name, John Oppenheimer 2 - petitioner and Ilse (his stepmother) (credit union accounts) 4 - petitioner, trustee for Ilse 7 - petitioner, trustee for Leigh (his niece) 1 - petitioner, trustee for Hanni (his cousin) 1 - petitioner, trustee for R. Peter (his brother). All of the accounts were opened by petitioner with funds which belonged to him. His stepmother, Ilse, was listed as co-owner of the two credit union accounts. Petitioner held all passbooks, and with the exception of the two credit union accounts, he was the only person authorized to withdraw funds from the accounts. Petitioner did not, in fact, withdraw funds from any of the accounts other than those listed in his name alone. None of the accounts was set up under the Uniform Gifts to Minors Act. Petitioner also alleged that if it is held that the interest on these accounts is includable in his gross income, he is entitled to an equitable offset because the Veterans' Administration owed him a disability pension of about $10,000 over a period of 36 years, of which 500 to 600 dollars pertained to 1981. *75 We have considered an almost identical factual situation in Estate of Federman v. Commissioner, a Memorandum Opinion of this Court dated June 27, 1952, 11 T.C.M. 686, 689, 21 P-H Memo T.C. par. 52,206, p. 602-52, where the taxpayer set up several accounts in the names of other persons. As we stated there: If the decedent used their names for his own convenience, or if he merely intended that what remained in the accounts should go to them after his death, the income would be taxable to him as long as he lived since he alone controlled the accounts and had the unqualified right to withdraw the interest as well as the principal in each account. * * * Here, too, petitioner intended the accounts to revert to his niece, a minor, in the event of his death. This was his apparent intention even as to the accounts naming his stepmother, his brother and his cousin. These various accounts represent, respondent argues, no more than Totten-type trusts. Rather than delve into the question of a Totten-type trust, the language of section 676 provides the solution in this matter. Section 676(a) provides that the grantor shall be treated as the owner of any portion of a *76 trust where at any time the power to revest in the grantor title to such portion is exercisable by the grantor. It is clear that where a grantor creates a trust with his own funds, as here, the income from that trust is taxable to the grantor if the trust is revocable within a period of 10 years from the date it was created. Sec. 676(b). Cf. Cahill v. Commissioner,T.C. Memo. 1982-233. Petitioner used his own funds to set up the various accounts; it is not clear that any of the so-called beneficiaries or co-owners even knew of the existence of the accounts; petitioner exercised full control and discretion over the disposition of the funds. The income from these accounts is properly part of petitioner's gross income and he should have so included these amounts in his gross income. Petitioner argues, secondarily, that he did not withdraw any of the interest in question. Actual withdrawal is not, however, the fact which makes the interest reportable. It is the right to withdraw. Section 1.61-7(a), Income Tax Regs., provides in general "interest received by or credited to the taxpayer constitutes gross income and is fully taxable." As to the year of includability *77 of such interest, Income Tax Regs., section 1.451-2(a), sets forth the general rule: Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. * * * See also Ruark v. Commissioner,T.C. Memo. 1969-48, affd. 449 F.2d 311 (9th Cir. 1971); Gajewski v. Commissioner,67 T.C. 181, 198 (1976), affd. by unpublished opinion 578 F.2d 1383 (8th Cir. 1978). Lastly, we address petitioner's vague argument that he is entitled to an equitable offset against his tax deficiency because of an alleged refusal of the Veterans' Administration to make certain disability payments to him. The jurisdiction of this Court is limited to those matters granted to it by Congress.We have long and consistently held that we do not have jurisdiction to hear a taxpayer's claim that does not involve one of our specific grants of jurisdiction. See, e. *78 g., Lewicki v. Commissioner,T.C. Memo. 1974-86, where we held ourselves to be without power to adjudicate an alleged claim against the Bureau of Public Debt. We similarly refuse to adjudicate petitioner's alleged claim against the Veterans' Administration for the simple reason that we have no jurisdiction to do so. Petitioner has failed to sustain his burden of proving that the interest credited on the accounts in question should not be includable in his gross income for 1981. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and as in effect during the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩