T.C. Memo. 2005-181

UNITED STATES TAX COURT

SHEILA D. CLINKSCALE & JANTZ S. CLINKSCALE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6886-01.               Filed July 25, 2005.

<u>Robert J. Fedor, Jr.</u>, for petitioner Sheila D. Clinkscale.

Jantz S. Clinkscale, pro se.

<u>John M. Tkacik, Jr.</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>: This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion) against
petitioner Jantz S. Clinkscale (Mr. Clinkscale) for the taxable

years 1994, 1995, and 1996.[1]  We shall grant respondent's motion.

## Background

Pursuant to the Court's Order issued under Rule 37(c),[2] all of the affirmative allegations in the answer are deemed admitted. Respondent also represents certain additional facts in respondent's motion that Mr. Clinkscale does not dispute.

Mr. Clinkscale was incarcerated in Ashland, Kentucky, at the time the petition in this case was filed.

During each of the years 1994, 1995, 1996, and 1997, Mr. Clinkscale (1) engaged in a criminal enterprise to distribute cocaine from which he earned substantial income; (2) conducted financial activities in currency (i.e., cash) with the intent to evade Federal income tax (tax); (3) structured various financial activities in an attempt to avoid Federal reporting requirements with the intent to evade tax; and (4) failed to maintain complete and adequate books and accounts of income-producing activities as required by applicable provisions of the Code and the regulations

---

[1]Respondent's motion pertains only to Mr. Clinkscale.  That is because petitioner Sheila D. Clinkscale (Ms. Clinkscale) and respondent filed a stipulation of settled issues in which Ms. Clinkscale agreed to all of the determinations for the taxable years 1994, 1995, and 1996 that respondent made in the notice of deficiency (notice) that respondent issued to her and Mr. Clinkscale.  For convenience, we shall hereinafter generally refer only to Mr. Clinkscale.

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code (Code) in effect for the years at issue.

thereunder.

Mr. Clinkscale and Ms. Clinkscale filed jointly tax returns for the taxable years 1994, 1995, 1996, and 1997.  For each of the taxable years 1994, 1995, 1996, and 1997, Mr. Clinkscale provided incomplete and/or erroneous information to their tax return preparers and fraudulently, with the intent to evade tax, filed a tax return that substantially understated adjusted gross income.  Specifically, in the joint returns for the taxable years 1994, 1995, 1996, and 1997, Mr. Clinkscale underreported adjusted gross income shown in such returns by $83,821.91, $101,633.41, $250,335.10, and $325,199.43, respectively and fraudulently, with the intent to evade tax, understated tax shown in such returns by $19,927, $25,238, $71,385, and $107,698, respectively.

On a date not disclosed by the record after September 2, 1998, and before February 28, 2000, a Federal grand jury in the United States District Court for the Northern District of Ohio, Eastern Division, indicted Mr. Clinkscale for, and charged him with, inter alia, violating (1) 21 U.S.C. section 841(a)(1) and (b)(1)(A) by possessing cocaine with the intent to distribute during the period January 1993 through at least September 2, 1998, and (2) 26 U.S.C. section 7206(1) by filing a false and fraudulent tax return for each of the taxable years 1994, 1995, 1996, and 1997.  On February 28, 2000, Mr. Clinkscale entered into a plea agreement (Mr. Clinkscale's plea agreement) in which

he pleaded guilty to, inter alia, the above-described first charge and so much of the above-described second charge as related only to the taxable year 1997.[3]  Mr. Clinkscale acknowledged in Mr. Clinkscale's plea agreement:

>     3.   The defendant, Jantz S. Clinkscale, acknowledges that the computation of additional adjusted gross income set forth on Attachment A to this agreement is accurate.  Defendant acknowledges his liability for additional tax, penalties, and interest based upon the additional adjusted gross income set forth on Attachment A.

Attachment A to Mr. Clinkscale's plea agreement showed, inter alia, additional adjusted gross income for the taxable years 1994, 1995, 1996, and 1997 of $83,821.91, $101,633.41, $250,335.10, and $325,199.43, respectively.

Respondent issued a notice to Mr. Clinkscale and Ms.

---

[3]Mr. Clinkscale acknowledged in Mr. Clinkscale's plea agreement:

>     15.   The defendant, Jantz S. Clinkscale, * * * acknowledge[s] that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant, Jantz S. Clinkscale, to plead guilty. This plea agreement sets forth the full and complete terms and conditions of the agreement between defendant, Jantz S. Clinkscale, and the United States.

>     *       *       *       *       *       *       *

>     17.   The defendant, Jantz S. Clinkscale, as indicated by his signature below, states that she [sic] has read this plea agreement, has discussed it with his attorney, has had all questions concerning the meaning and impact of the plea agreement fully and satisfactorily answered by his attorney, and understands the terms of the plea agreement.

Clinkscale in which respondent determined that Mr. Clinkscale and Ms. Clinkscale underreported adjusted gross income for the taxable years 1994, 1995, 1996, and 1997 by $83,822, $101,633, $250,335, and $325,199, respectively,[4] and that they have deficiencies in tax for those years of $19,927, $25,238, $71,385, and $107,698, respectively.  Respondent also determined in the notice that Mr. Clinkscale and Ms. Clinkscale are liable for the taxable years 1994, 1995, 1996, and 1997 for fraud penalties under section 6663(a) of $14,945.25, $18,928.50, $53,538.75, and $80,773.50, respectively.

The petition filed in this case alleged:

1.   Petitioner(s) disagree(s) with the tax deficiency(ies) for the year(s) 1994, 95, 96 as set forth in the NOTICE OF DEFICIENCY dated April 12, 2001 * * *

  *      *      *      *      *      *      *

3.   Petitioner(s) dispute(s) the following:

| Year | Amount of Deficiency Disputed | Addition to Tax (Penalty) if any, Disputed |
|------|-------------------|------------------|
| 1994 | All total | All total |
| 1995 | All total | All total |
| 1996 | All total | All total |

4.   * * * As set forth in plea agreement, all taxes from 1994, 95 96 have been dismissed only 1997 is in question.  Appeals are in concerning 1997 and await-

_____

[4]Respondent utilized the bank deposits method in order to reconstruct Mr. Clinkscale and Ms. Clinkscale's adjusted gross income for each of the taxable years 1994, 1995, 1996, and 1997.

ing judgement.  At that time final, if any, taxes &
penalties due will be assesed.  (Please refer to The
United States District Court for the Northern District
of Ohio Eastern Division Case No 99-00368) [Reproduced
literally.]

## Discussion

Respondent's motion pertains to the taxable years 1994,
1995, and 1996.  The notice that respondent issued to Mr.
Clinkscale and Ms. Clinkscale also made determinations for the
taxable year 1997.  We conclude that the petition filed in this
case placed in issue only the taxable years 1994, 1995, and 1996
and that the taxable year 1997 is not before the Court.  See,
e.g., O'Neil v. Commissioner, 66 T.C. 105 (1976).

The Court may grant summary judgment where there is no
genuine issue of material fact and a decision may be rendered as
a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner,
98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

All of the facts on which respondent relies in respondent's
motion have been deemed admitted and/or not disputed.  The facts
deemed admitted include the material facts on which we may
proceed to resolve the issues in respondent's motion, including
the issue relating to the fraud penalties under section 6663(a),
see, e.g., Doncaster v. Commissioner, 77 T.C. 334, 337 (1981).
We conclude that there are no genuine issues of material fact
regarding the issues raised in respondent's motion.

The Court gave Mr. Clinkscale ample opportunity to inform

the Court in writing why he believes that respondent's motion should be denied.  He failed to do so.[5]

With respect to respondent's determinations that Mr. Clinkscale has a deficiency in tax for each of the taxable years 1994, 1995, and 1996, on the record presented, we sustain those determinations.

With respect to respondent's determinations that Mr. Clinkscale is liable for the fraud penalty under section 6663(a) for each of the taxable years 1994, 1995, and 1996, section 6663(a) imposes a penalty equal to 75 percent of the portion of any underpayment that is attributable to fraud.  For purposes of section 6663(a), if the Commissioner of Internal Revenue (Commissioner) establishes that any portion of an underpayment is attributable to fraud, the entire underpayment is to be treated as attributable to fraud, except with respect to any portion of the underpayment that the taxpayer establishes by a preponderance of the evidence is not attributable to fraud.  Sec. 6663(b).  In order for the fraud penalty to apply, the Commissioner must prove by clear and convincing evidence, sec. 7454(a); Rule 142(b), that an underpayment exists and that some portion of such underpayment is attributable to fraud.  Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992).

---

[5]The petition alleged that "as set forth in plea agreement, all taxes from 1994, 95 and 96 have been dismissed".  It is not clear to us what is meant by that allegation.

To prove the existence of an underpayment, the Commissioner may not rely on a taxpayer's failure to carry his or her burden of proof with respect to the underlying deficiency. Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989). The Commissioner must prove only that an underpayment exists, and not the precise amount of such underpayment. DiLeo v. Commissioner, 96 T.C. 858, 873 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Petzoldt v. Commissioner, supra at 699-700.

The record establishes that Mr. Clinkscale and Ms. Clinkscale filed jointly tax returns that substantially understated adjusted gross income and tax for the taxable years 1994, 1995, and 1996, respectively.[6] Indeed, Mr. Clinkscale conceded

_____

[6]Mr. Clinkscale acknowledged in Mr. Clinkscale's plea agreement that the computation of additional adjusted gross income for, inter alia, taxable years 1994, 1995, and 1996 set forth in Attachment A to Mr. Clinkscale's plea agreement is accurate and that he is liable for such years for additional tax, penalties, and interest based upon such additional adjusted gross income. Attachment A to Mr. Clinkscale's plea agreement showed, inter alia, additional adjusted gross income for the taxable years 1994, 1995, and 1996 of $83,821.91, $101,633.41, and $250,335.10, respectively. The respective amounts of adjusted gross income for those years shown in Attachment A to Mr. Clinkscale's plea agreement are the same as the respective amounts (rounded to the nearest dollar) of adjusted gross income that respondent determined in the notice Mr. Clinkscale underreported for those years. The respective amounts of additional tax for the taxable years 1994, 1995, and 1996 for which Mr. Clinkscale acknowledged he is liable in Mr. Clinkscale's plea agreement are $19,927, $25,238, and $71,385. Those respective amounts are the same as the respective amounts of the deficiencies that respondent determined in the notice for
(continued...)

in Mr. Clinkscale's supplemental response to respondent's motion that "If the respondent is merely stating that they are owed something, then I concede."[7]

On the instant record, we find that respondent has established by clear and convincing evidence that there was an underpayment of Mr. Clinkscale's tax for each of the taxable years 1994, 1995, and 1996.

In order to prove fraudulent intent, the Commissioner must prove by clear and convincing evidence that the taxpayer intended to evade tax, which the taxpayer believed to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax. Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265; Parks v. Commissioner, supra at 661. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. DiLeo v. Commissioner, supra at 874; Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed or imputed and should not be found in circumstances which create at most only a suspicion. Toussaint v. Commissioner, 743 F.2d 309,

[6](...continued)
those years.

[7]In petitioner's supplemental response to respondent's motion, Mr. Clinkscale further stated: "But there is no specific amount mentioned, to my knowledge, so therefore I cannot agree to a dollar amount."

312 (5th Cir. 1984), affg. T.C. Memo. 1984-25; Petzoldt v. Commissioner, supra at 699-700. Direct evidence of the requisite fraudulent intent is seldom available. Petzoldt v. Commissioner, supra at 699; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Consequently, the Commissioner may prove fraud by circumstantial evidence. Toussaint v. Commissioner, supra at 312; Rowlee v. Commissioner, supra at 1123; see Marsellus v. Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), affg. T.C. Memo. 1975-368.

The courts have identified a number of badges of fraud from which fraudulent intent may be inferred, including (1) the understatement of income, (2) the failure to maintain adequate records as required by the Code and the regulations, (3) providing incomplete or erroneous information to a tax return preparer or bookkeeper, (4) dealing in cash, (5) acts designed to conceal income, and (6) engaging in illegal activity. See Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Ruark v. Commissioner, 449 F.2d 311, 312-313 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-48; Niedringhaus v. Commissioner, supra at 211. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia constitutes persuasive circumstantial evidence of fraud. Petzoldt v. Commissioner, supra at 700; see Bradford v. Commissioner, supra at 307.

The record establishes that, during each of the taxable

years 1994, 1995, and 1996, Mr. Clinkscale (1) engaged in a criminal enterprise to distribute cocaine from which he earned substantial income; (2) conducted financial activities in currency (i.e., cash) with the intent to evade tax; (3) structured various financial activities in an attempt to avoid Federal reporting requirements with the intent to evade tax; and (4) failed to maintain complete and adequate books and accounts of income-producing activities as required by applicable provisions of the Code and the regulations thereunder. The record also establishes that, for each of the taxable years 1994, 1995, and 1996, Mr. Clinkscale provided incomplete and/or erroneous information to tax return preparers and fraudulently, with the intent to evade tax, filed a tax return that substantially understated adjusted gross income and tax.

On the instant record, we find that respondent has established by clear and convincing evidence that Mr. Clinkscale intended to evade tax for each of the taxable years 1994, 1995, and 1996, which Mr. Clinkscale believed to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax.

On the record before us, we sustain respondent's determinations that Mr. Clinkscale is liable for the fraud penalty under section 6663(a) for each of the taxable years 1994, 1995, and 1996.

We have considered all of the contentions and arguments of Mr. Clinkscale that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.