T.C. Memo. 2012-283

UNITED STATES TAX COURT

HENRY CRAIG JENKINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11606-11.

Filed October 4, 2012.

Henry Craig Jenkins, pro se.

<u>John F. Driscoll</u> and <u>Marshall R. Jones</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).  The Court will grant respondent's motion.

**[*2]**                                      Background

Pursuant to the Court's Order issued under Rule 37(c),[1] all of the affirmative allegations in the answer are deemed admitted.

Petitioner resided in Alabama at the time he filed the petition.

During 2005 and 2006, petitioner owned and operated a business known as Jenkins Savings System (petitioner's business or Jenkins), an S corporation. Although petitioner's spouse did not receive any compensation from petitioner's business, petitioner fraudulently submitted a paystub to a bank in connection with a loan application in which he falsely indicated that she received compensation from that business.

Petitioner filed a Federal income tax (tax) return for each of his taxable years 2005 (2005 return) and 2006 (2006 return). He did not file his 2006 return until February 20, 2008, after respondent had commenced respondent's examination of his 2005 return and his 2006 return on August 29, 2007.

In petitioner's 2005 return and his 2006 return, respectively, petitioner showed taxable income of $16,293 and $6,340 and total tax of $2,076 and $603.

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect for the years at issue.

**[\*3]**  In Schedule E, Supplemental Income and Loss, of his 2005 return (2005 Schedule E) and his 2006 return (2006 Schedule E), petitioner fraudulently failed to report income of $455,331 and $317,413.40, respectively, that is taxable to him as the owner of his S corporation, Jenkins.  Included in those respective amounts of unreported taxable income are unreported gross receipts of $251,141 and $222,713 of Jenkins for its taxable years 2005 and 2006, respectively, that petitioner fraudulently failed to report for Jenkins.

In Form 1120S, U.S. Income Tax Return for an S Corporation, that petitioner filed for Jenkins for each of its taxable years 2005 (2005 Form 1120S) and 2006 (2006 Form 1120S), he fraudulently treated certain nondeductible personal expenses as deductible business expenses.  In each of the 2005 Form 1120S and the 2006 Form 1120S that petitioner filed for Jenkins, petitioner fraudulently overstated deductible commission expenses by giving to Felicia Langford (Ms. Langford), a loan processor whom he employed, certain checks that were made payable to her and that petitioner required Ms. Langford to cash and to deposit the cash from those checks into his spouse's bank account, when in fact his spouse did not earn any deductible commissions from Jenkins during 2005 and 2006.

The fraudulent omissions of income by petitioner's business and thus by him and the fraudulent overstatements of deductions by that business and thus by

**[*4]** him for taxable years 2005 and 2006 (discussed above) are part of a two-year pattern of petitioner's intent to evade taxes.

Respondent issued a notice of deficiency (notice) to petitioner with respect to his taxable years 2005 and 2006. In that notice, respondent determined, inter alia, that petitioner has (1) respective increases in taxable income reported in his 2005 Schedule E and his 2006 Schedule E of $455,331 and $317,413.40 and (2) respective decreases in "Section 179 expense" deductions claimed in his 2005 Schedule E and his 2006 Schedule E of $60,916 and $66,896. As a result of those determinations and certain other determinations to decrease certain itemized deductions and exemptions that petitioner claimed for his respective taxable years 2005 and 2006, respondent determined that petitioner has deficiencies in, and underpayments of, tax for those years of $174,530 and $125,972, respectively. Respondent further determined in the notice that each of those deficiencies and underpayments is attributable to fraud and that petitioner is liable for each of his taxable years 2005 and 2006 for the fraud penalty under section 6663(a).[2]

---

[2]Respondent determined in the notice, as an alternative to respondent's determination to impose the fraud penalty under sec. 6663(a) for each of petitioner's taxable years 2005 and 2006, to impose the accuracy-related penalty under sec. 6662(a) for each of those years.

**[\*5]** Respondent also determined in the notice that petitioner is liable for his taxable year 2006 for the addition to tax under section 6651(a)(1) for filing his 2006 return late on February 20, 2008.

In the petition, petitioner alleged that he disagrees with the deficiency and unreported income determinations that respondent made in the notice.

Petitioner fraudulently understated the total tax shown in his 2005 return and his 2006 return by $174,530 and $125,972, respectively. Those respective deficiencies in, and underpayments of, tax for petitioner's taxable years 2005 and 2006 are due to petitioner's intent to evade tax and to fraud on his part.

Discussion

The Court may grant summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

All of the facts on which respondent relies in respondent's motion have been deemed admitted pursuant to Rule 37(c). The facts deemed admitted include the material facts on which the Court may proceed to resolve the issues in respondent's motion, including the issue relating to the fraud penalties under section 6663(a). See, e.g., Doncaster v. Commissioner, 77 T.C. 334, 337 (1981). The

**[*6]** Court concludes that there are no genuine disputes of material fact regarding the issues raised in respondent's motion.

The Court gave petitioner the opportunity to inform the Court, by filing a response to respondent's motion, why he believes that motion should be denied. He failed to file a response to respondent's motion.

With respect to respondent's determinations that petitioner has a deficiency in tax for each of his taxable years 2005 and 2006, on the record before the Court, the Court sustains those determinations.

With respect to respondent's determination that petitioner is liable for his taxable year 2006 for the addition to tax under section 6651(a)(1), the record establishes that petitioner did not file his 2006 return until February 20, 2008, after respondent had commenced respondent's examination of petitioner's 2005 return and his 2006 return on August 29, 2007. On the record before the Court, the Court finds that respondent has satisfied the burden of production under section 7491(c). On that record, the Court further finds that petitioner has failed to carry his burden of establishing that he is not liable for his taxable year 2006 for the addition to tax under section 6651(a). See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

With respect to respondent's determinations that petitioner is liable for the fraud penalty under section 6663(a) for each of his taxable years 2005 and 2006,

**[\*7]** section 6663(a) imposes a penalty equal to 75 percent of the portion of any underpayment that is attributable to fraud. For purposes of section 6663(a), if the Commissioner of Internal Revenue (Commissioner) establishes that any portion of an underpayment is attributable to fraud, the entire underpayment is to be treated as attributable to fraud, except with respect to any portion of the underpayment that the taxpayer establishes by a preponderance of the evidence is not attributable to fraud. Sec. 6663(b). In order for the fraud penalty to apply, the Commissioner must prove by clear and convincing evidence, sec. 7454(a); Rule 142(b), that an underpayment exists and that some portion of such underpayment is attributable to fraud, <u>e.g.</u>, <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 210 (1992).

To prove the existence of an underpayment, the Commissioner may not rely on a taxpayer's failure to carry his or her burden of proof with respect to the underlying deficiency. <u>E.g.</u>, <u>Parks v. Commissioner</u>, 94 T.C. 654, 660-661 (1990). The Commissioner must prove only that an underpayment exists, and not the precise amount of the underpayment. <u>E.g.</u>, <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 873 (1991), <u>aff'd</u>, 959 F.2d 16 (2d Cir. 1992).

The record establishes that petitioner filed tax returns that substantially understated taxable income and total tax for each of his taxable years 2005 and 2006. On the record before the Court, the Court finds that respondent has

**[*8]** established by clear and convincing evidence that there is an underpayment of tax for each of those taxable years.

In order to prove fraudulent intent, the Commissioner must prove by clear and convincing evidence that the taxpayer intended to evade tax, which the taxpayer believed to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax. E.g., Parks v. Commissioner, 94 T.C. at 661. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. E.g., DiLeo v. Commissioner, 96 T.C. at 874. Fraud is never presumed or imputed and should not be found in circumstances which create at most only a suspicion. E.g., Petzoldt v. Commissioner, 92 T.C. 661, 699-700 (1989). Direct evidence of the requisite fraudulent intent is seldom available. E.g., id. Consequently, the Commissioner may prove fraud by circumstantial evidence. E.g., Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

The courts have identified a number of so-called badges of fraud from which fraudulent intent may be inferred, including (1) the understatement of income, (2) the failure to maintain adequate records as required by the Code and the regulations, (3) providing incomplete or erroneous information to a tax return preparer or bookkeeper, (4) dealing in cash, (5) acts designed to conceal income, and (6) engaging in illegal activity. See Bradford v. Commissioner, 796 F.2d 303,

**[\*9]** 307 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Ruark v. Commissioner, 449 F.2d 311, 312-313 (9th Cir. 1971), aff'g per curiam T.C. Memo. 1969-48; Niedringhaus v. Commissioner, 99 T.C. at 211.  Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia constitutes persuasive circumstantial evidence of fraud.  E.g., Petzoldt v. Commissioner, 92 T.C. at 700.

The record establishes the following as facts.  During 2005 and 2006, petitioner owned and operated Jenkins, an S corporation.  Although petitioner's spouse did not receive any compensation from petitioner's business, petitioner fraudulently submitted a paystub to a bank in connection with a loan application in which he falsely indicated that she received compensation from that business.

Petitioner filed a tax return for each of his taxable years 2005 and 2006.[3]  In petitioner's 2005 return and his 2006 return, respectively, petitioner showed taxable income of $16,293 and $6,340 and total tax of $2,076 and $603.

In his 2005 Schedule E and his 2006 Schedule E, petitioner fraudulently failed to report income of $455,331 and $317,413.40, respectively, that is taxable to him as the owner of his S corporation, Jenkins.  Included in those respective

---

[3]Petitioner did not file his 2006 return until February 20, 2008, after respondent had commenced respondent's examination of his 2005 return and his 2006 return on August 29, 2007.

[*10] amounts of unreported taxable income are unreported gross receipts of $251,141 and $222,713 of Jenkins for its taxable years 2005 and 2006, respectively, that petitioner fraudulently failed to report for Jenkins.

In the 2005 Form 1120S and the 2006 Form 1120S that petitioner filed for Jenkins, he fraudulently treated certain nondeductible personal expenses as deductible business expenses. In each of the 2005 Form 1120S and the 2006 Form 1120S that petitioner filed for Jenkins, petitioner fraudulently overstated deductible commission expenses by giving to Ms. Langford, a loan processor whom he employed, certain checks that were made payable to her and that petitioner required Ms. Langford to cash and to deposit the cash from those checks into his spouse's bank account, when in fact his spouse did not earn any deductible commissions from Jenkins during 2005 and 2006.

The fraudulent omissions of income by petitioner's business and thus by him and the fraudulent overstatements of deductions by that business and thus by him for taxable years 2005 and 2006 (discussed above) are part of a two-year pattern of petitioner's intent to evade taxes.

Petitioner fraudulently understated the total tax shown in his 2005 return and his 2006 return by $174,530 and $125,972, respectively. Those respective

[*11] deficiencies in, and underpayments of, tax for petitioner's taxable years 2005 and 2006 are due to petitioner's intent to evade tax and to fraud on his part.

On the record before the Court, the Court finds that respondent has established by clear and convincing evidence that petitioner intended to evade tax for each of his taxable years 2005 and 2006, which he believed to be owing, by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax.

On the record before the Court, the Court sustains respondent's determinations that petitioner is liable for the fraud penalty under section 6663(a) for each of his taxable years 2005 and 2006.

The Court has considered all of the contentions and arguments of petitioner that are not discussed herein, and the Court finds them to be without merit, irrelevant, and/or moot.

On the record before the Court, the Court will grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.