**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH E. HOLMES, | No. 13-71034 |
| Petitioner - Appellant, | Tax Ct. No. 3769-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
Tax Court

Submitted February 13, 2015[**]
Pasadena California

Before: CHRISTEN and HURWITZ, Circuit Judges, and BURGESS, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Ralph E. Holmes appeals from a Tax Court decision assessing deficiencies and penalties in connection with his returns for the years 2000 through 2004. Holmes challenges the Tax Court's finding that he was not entitled to defer recognition of gains pursuant to 26 U.S.C. § 1045. We have jurisdiction under 26 U.S.C. § 7482, and affirm.

**1.** We review the factual findings of the Tax Court for clear error. *Boyd Gaming Corp. v. CIR*, 177 F.3d 1096, 1098 (9th Cir. 1999).

**2.** The Tax Court did not clearly err in finding Holmes had failed to establish that he acquired the shares of LeonardoMD, Inc. at original issue. Holmes's testimony on this point was contradictory, and at one point he said that he acquired the shares from company officers. *See* 26 U.S.C. §§ 1045(b)(1), 1202(c)(1)(B); *Ruark v. CIR*, 449 F.2d 311, 313 (9th Cir. 1971) (per curiam).

**3.** Nor did the Tax Court clearly err in finding Holmes's conclusory and uncorroborated testimony insufficient to establish that at least 80% of LeonardoMD assets were used in the active conduct of qualified trades or businesses. *See* 26 U.S.C. §§ 1045(b)(1), 1202(c)(2)(A), (e)(1)(A); *Geiger v. CIR*, 440 F.2d 688, 689-90 (9th Cir. 1971) (per curiam).[1]

---

[1] Because we affirm on these bases, we need not address Holmes's challenge to the Tax Court's finding that he failed to establish LeonardoMD did not have more than $50 million in gross assets. *See* 26 U.S.C. §§ 1045(b)(1), 1202(d)(1).

2

AFFIRMED.