**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNE SHAW, | No. 13-73687 |
| Petitioner-Appellant, | Tax Ct. No. 8172-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
Tax Court

Submitted November 18, 2015**
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,*** Circuit Judges.

June Shaw appeals the Tax Court's determination that she had a deficiency

in her 2009 tax return. We review de novo the Tax Court's legal conclusions and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the
U.S. Court of Appeals for the Second Circuit, sitting by designation.

review for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008).

In 2009, June Shaw advanced $808,475 to SRG Corporation, her family's company. SRG began facing financial difficulties and Kenneth Shaw, June's brother and president of SRG, informed June that SRG could not repay her. Shaw listed the $808,475 as bad debt on her tax returns. The IRS denied her loss deduction and issued a deficiency notice. The Tax Court upheld the determination of deficiency because Shaw did not meet her burden of proving that the amount qualified as bad debt under I.R.C. § 166.[1]

The Tax Court correctly upheld the determination of deficiency in Shaw's tax return. To claim a bad debt, a taxpayer must establish the existence of a bona fide business debt that became worthless during the year for which the debt was claimed. *See* I.R.C. § 166(a); Treas. Reg. § 1.166-1(c). A bona fide debt is one that arises from a debtor-creditor relationship based on an enforceable obligation to pay a sum of money. Treas. Reg. § 1.166-1(c).

Shaw failed to show that her advance to SRG constituted a bona fide debt that arose from a debtor-creditor relationship. Notably, her behavior was not

---

[1] The Tax Court also agreed with the IRS's imposition of an addition to tax under I.R.C. § 6651(a)(1) and an accuracy-related penalty under I.R.C. § 6662. These determinations are not at issue in this appeal.

consistent with that of a traditional lender; she continued to advance money to SRG despite its unstable finances and the company's failure to repay any interest or principal. Shaw also failed to prove worthlessness as she produced no evidence beyond her and her brother Kenneth's testimony that SRG had become insolvent. The Tax Court may refuse to accept uncorroborated testimony as dispositive and did so here. *See Ruark v. Comm'r*, 449 F.2d 311, 312 (9th Cir. 1971) (holding that a "court is not bound to accept testimony at face value even when it is uncontroverted if it is improbable, unreasonable, or questionable" (internal citation omitted)).

Shaw's argument on appeal that the advance was a capital contribution under I.R.C. § 165 was not raised before the Tax Court; instead she argued only that the advance was a bad debt under I.R.C. § 166. The capital contribution argument was therefore waived. *See Merkel v. Comm'r*, 192 F.3d 844, 852 n.10 (9th Cir. 1999).

**AFFIRMED.**